John W. BALLARD, Plaintiff-Appellant,

v.

TENNESSEE VALLEY AUTHORITY, et al., Defendants-Appellees.

No. 84–5464.

United States Court of Appeals, Sixth Circuit.

Argued April 3, 1985.

Decided and Filed July 29, 1985.

John W. Ballard (Pro Se) Green & Gothard, Mary Ann Green, argued, Chattanooga, Tenn., for plaintiff-appellant.

Herbert S. Sanger, Jr., Gen. Counsel, Justin M. Schwamm, Sr., Asst. Gen. Counsel, Thomas F. Fine, argued, James G. Touhey, Jr., Tennessee Valley Authority, Knoxville, Tenn., for defendants-appellees.

Before LIVELY, Chief Judge, ENGEL, Circuit Judge, and COHN, District Judge.*

COHN, District Judge.

Under the Civil Service Reform Act of 1978, P.L. 95–454, most federal employees may appeal adverse employment decisions to the Merit Systems Protection Board (the Board) and then to federal court.[1] The Act sets forth special procedures for processing "mixed" cases,[2] that is, cases which include allegations of discrimination. *See* 5 U.S.C. § 7702. In a mixed case a federal employee adversely affected by a decision of the Board may seek review in a federal district court and have the facts tried *de novo.* 5 U.S.C. § 7703(b)(2); *see Williams v. Department of the Army,* 715 F.2d 1485 (Fed.Cir.1983); *Christo v. Merit Systems Protection Board,* 667 F.2d 882 (10th Cir.

---

* The honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. The nature of the case determines which federal court has jurisdiction for purposes of judicial review. If the case before the Board raises no discrimination issues judicial review must be sought in the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1). In "mixed" cases, which include a claim of discrimination, *see* note 2, *infra,* judicial review must be sought in federal district court. 5 U.S.C. § 7703(b)(2). This distinction was made because individuals seeking judicial review in mixed cases are entitled to have the facts tried *de novo. See* 5 U.S.C. § 7703(c) Congress decided that federal district courts were more appropriate forums for mixed cases since they could involve additional fact-finding. *See* S.Rep. 969, 95th Cong., 2d Sess. (S.Rep.), 63, *reprinted in*

1978 U.S.Code Cong. & Ad.News (1978 Cong. News) 2723, 2785.

2. As explained in *Williams v. Department of the Army,* 715 F.2d 1485, 1487 n. 3, (Fed.Cir.1983), " 'Mixed' must be understood as discrimination mixed with an appealable action." *See also, Christo v. Merit Systems Protection Board,* 667 F.2d 882, 884 n. 1 (10th Cir.1981). Mixed cases are processed by the Board under the procedures set forth in 5 U.S.C. § 7702. In contrast, appealable action cases which do not raise a discrimination issue are governed by 5 U.S.C. § 7701. For the sake of simplicity and consistency, cases before the Board which include a claim of discrimination will be referred to throughout this opinion as "mixed cases"; cases which do not include a discrimination claim will be referred to as "appealable action cases". *See Williams, supra.*

1981). A petition for judicial review in a mixed case must be filed within 30 days of receiving notice of the Board's decision unless the individual asks the Equal Employment Opportunity Commission (EEOC) to review the discrimination issue. *See* 5 U.S.C. §§ 7703(b)(2) and 7702(a)(3). The question on appeal is whether the 30 days begins to run when the appellant receives notice of the initial decision made by a presiding official[3] or from the point in time the initial decision becomes the final decision of the Board. Here appellant John W. Ballard (Ballard) filed for review in federal district court more than 30 days after receiving notice of the initial decision of the presiding official, but exactly 30 days after that decision became the final decision of the Board. The district judge dismissed the case as untimely. For the reasons that follow, we reverse.

## I.

■ Ballard was employed at the Watts Bar Nuclear Plant in Spring City, Tennessee, as a captain in the Tennessee Valley Authority's (TVA) Public Safety Service. He was demoted and transferred to another nuclear power plant for failing to act when one of his subordinates showed him an obscene racial slur on the job. Ballard appealed[4] his demotion to the Atlanta Regional Office of the Board on November 12, 1982.[5] He claimed TVA's action was (1) unsupported by the facts, (2) the culmina-

tion of a harassment campaign directed against him by other employees, (3) a violation of his right to due process, and (4) racially discriminatory.[6] A hearing was held before a presiding official[7] on March 2, 1983. The presiding official, in a decision issued July 18, 1983, reviewed the facts and Ballard's claims and affirmed the TVA's action. The opinion stated:

"This is an initial decision. It will become a final decision of the Merit Systems Protection Board on August 22, 1983 unless a petition for review is filed with the Board or the Board reopens the case on its own motion.

Any party to the proceeding, the Director of the Office of Personnel Management, and the Special Counsel may file a petition for review . . . .

. . . .

The Appellant has the right to petition the Equal Employment Opportunity Commission to consider the Board's final decision on the issue of discrimination. The appellant also has the right to file a civil action under the antidiscrimination laws in any appropriate United States district court. Either a petition *or* a civil action may be filed, *but not both*, no later than 30 days after the Board's decision becomes final." (emphasis in original)

---

3. *See* note 7, *infra*.

4. TVA employees are not a part of the competitive civil service and therefore cannot generally appeal to the Board when they are demoted. *See* 5 U.S.C. § 2102(a)(1)(A) and § 7511(a)(1)(A), Ballard, however, as a "preference eligible" veteran, had a right to appeal his demotion to the Board. 5 U.S.C. §§ 7512, 7513(d), 7701(a).

5. The Board is located in Washington, D.C. and has eleven regional offices. The primary function of regional offices is to adjudicate appeals from adverse employment actions taken by an agency against federal employees, and render initial decisions in those appeals. *See* 5 C.F.R. § 1200.10(j).

6. Ballard claimed he was discriminated against because he is white.

7. A presiding official is anyone designated by the Board to preside over any hearing and render an initial decision. *See* 5 C.F.R. §§ 1201.-4(a), 1201.111(a). A presiding official may be an attorney-examiner, an administrative law judge, the Board, or any of the Members of the Board. 5 C.F.R. § 1201.4(a). The exact title of the presiding official in this case is not in the record. However, since this case was adjudicated, as most cases, in a regional office, the presiding official must have been an attorney-examiner or an administrative law judge. Board members are all situated in Washington, D.C. where the Board is located and do not adjudicate cases in regional offices. *See* the 1983 Annual Report of the U.S. Merit Systems Protection Board.

No one sought review of the initial decision of the presiding official and by its own terms it became the final decision of the Board on August 22, 1983. Faithfully following the explicit instructions in the opinion, Ballard filed a complaint seeking review of the Board's decision in the United States District Court for the Eastern District of Tennessee on September 21, 1983, exactly 30 days after August 22, 1983.

Defendants moved to dismiss on November 23, 1983. Their primary contention was that Ballard's suit was untimely because more than 30 days had gone by since Ballard received notice of the decision issued on July 18, 1983. On April 25, 1984, the district judge dismissed Ballard's suit finding it was not timely filed. The district judge construed the provisions of 5 U.S.C. §§ 7701–7703 to require that Ballard file for review within 30 days of the date he received the decision issued on July 18, 1983.

## II.

This appeal turns on the meaning of the term "decision of the Board" as used in 5 U.S.C. § 7702(a)(3). In a mixed case an appellant has 30 days to file for review in federal district court "after the date the individual filing the case received notice of the judicially reviewable action under such section 7702." 5 U.S.C. § 7703(b)(2). Section 7702 describes 6 different types of decisions during the administrative process which are judicially reviewable actions.[8]

Section 7702(a)(3)(A) describes the decision which was the "judicially reviewable action" in this case:

"Any decision of the Board under paragraph (1) of this subsection shall be a judicially reviewable action as of—the date of issuance if the employer or applicant does not file a petition [for review] with the Equal Employment Opportunity Commission . . . ."

Appellees argue the decision which issued on July 18, 1983, which was the initial decision of the presiding official, is the decision which starts the 30 day limitations clock ticking. Ballard insists the clock does not begin to tick until the initial decision becomes the final decision of the Board which in this case, under Board regulations and pursuant to the very terms of the decision issued on July 18, 1983, did not occur until August 22, 1983.

We conclude that the "decision of the Board" mentioned in § 7702(a)(3), which begins the running of the limitations period for seeking judicial review of a Board decision in a mixed case, is the final decision of the Board and not the initial decision of the presiding official. This is the only reasonable interpretation in light of the statutory provisions in 5 U.S.C. §§ 7701–7703 which must be considered as a whole. This interpretation is also supported by the legislative history of the Civil Service Reform Act of 1978, P.L. 95–454 (the Act). Finally, the regulations of the Board, the agency charged by statute with administering civil service appeals, clearly indicate that an ap-

8. Judicially reviewable actions which begin the running of the 30 day limitations period for seeking review in federal district court are:

(1) the decision of the agency which took the adverse employment action, after its review of the action, if no appeal is filed with the Board. Section 7702(a)(2).

(2) the decision of the Board, if no review with the EEOC is sought. Section 7702(a)(3)(A).

If review of a Board decision by the EEOC is sought, there are four additional situations which present judicially reviewable actions, depending on what course the EEOC and the Board take:

(3) If the EEOC refuses to review the Board decision, the refusal is a judicially reviewable action. Section 7702(a)(3)(B).

(4) If the EEOC reviews the Board decision and concurs in its conclusion, the EEOC decision is a judicially reviewable action. Section 7702(b)(5)(A).

(5) If the EEOC reviews the Board decision and disagrees, the case is remanded to the Board. If upon remand the Board adopts the EEOC's position, that Board decision is a judicially reviewable action. Section 7702(c).

(6) If after EEOC review and Board reconsideration the Board does not agree with the EEOC, the case is sent to a special panel to resolve the conflict between the agencies. Section 7702(d)(1). The decision of the special panel is a judicially reviewable action. Section 7702(d)(2)(A).

peal in a mixed case is taken from a final decision of the Board and not from an initial decision of a presiding official.

### A.

In deciding this case we begin with the language of the statute. *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 110, 103 S.Ct. 986, 990, 74 L.Ed.2d 845 (1983); *Rubin v. United States*, 449 U.S. 424, 429, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981). Section 7702(a)(3) does not by its terms specify if the decision of the Board which constitutes a "judicially reviewable action" is the initial decision of the presiding official or the final decision of the Board.[9] However, § 7703(a)(1) makes it crystal clear that in all cases an appeal is taken from the final decision of the Board:

> "Any employee or applicant for employment adversely affected or aggrieved by a *final* order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision." (emphasis added)

The legislative history of Sec. 205 of the Act, which amended Chapter 77 of Title 5 U.S.C., conclusively shows that § 7703(a)(1) applies to all cases before the Board, including mixed cases. While being considered by Congress Sec. 205 underwent significant revision. However, throughout its consideration Congress consistently took the position that judicial review in a mixed case was to be sought from a final Board decision. Congress never intended to treat a mixed case any differently than an appealable action case which raised no discrimination issues.

Before passage of the Act Ch. 77 of Title 5, U.S.C., consisted of a single section, § 7701, titled "Appeals of preference eligibles."[10] S. 2640 and H.R. 11280, bills to reform the federal civil service laws, were introduced into the Senate and the House of Representatives, respectively, on March 3, 1978. Sec. 205 of these bills amended Ch. 77 to contain two sections. Section 7701, titled "Appellate procedures", set forth the governing procedures in all cases before the Board. Section 7702, titled "Judicial review of decisions of the Merit Systems Protection Board", made no distinction between mixed cases and appealable action cases which raised no discrimination issues. In all cases a petition for review had to be filed in federal court within 30 days after receiving notice of the final order or decision of the Board.[11]

Sec. 205 of H.R. 11280 remained essentially unchanged when the House passed the bill on August 24, 1978. In contrast during consideration of S. 2604 by the Senate Sec. 205 underwent significant revision. S. 2640 was referred to the Senate Governmental Affairs Committee which approved an amendment dealing with appellate procedures in mixed cases.[12] This amendment provided a substantial role to the EEOC in mixed cases[13] and was the source of the

---

**9.** In fact, §§ 7701–7703 do not mention "initial" decisions. However, the distinction between an initial and a final decision is implied in § 7701(e)(1) which states that a decision made after a Board hearing will be final unless: (1) the parties to the appeal or the Director of the Office of Personnel Management seek Board review after receiving the decision, or, (2) the Board reopens the case on its own motion. The distinction between an initial decision made by a presiding official and a final Board decision is set forth in 5 C.F.R. §§ 1201.111–113, Board regulations enacted under the authority of § 7701(a) and (j).

**10.** This section read in part:

"A preference eligible employee as defined by section 7511 of this title is entitled to appeal to the Civil Service Commission from an ad-

verse decision under section 7512 of this title of an administrative authority so acting . . . ."

**11.** Under Sec. 205 of S. 2640 and H.R. 11280, as initially introduced in the Senate and House of Representatives on March 3, 1978, § 7702(b) was added to Ch. 77 and read:

"Notwithstanding any other provision of law, any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board."

There was no subsection separately dealing with mixed cases.

**12.** *See* S.Rep. at 125, *reprinted in* 1978 Cong. News at 2847.

**13.** *Id.* at 52, 56–70, *reprinted in* 1978 Cong.News at 2774, 2778–82.

procedures set forth in § 7702 as it currently reads.[14] Under Sec. 205 of S. 2640 as passed by the Senate on September 13, 1978, Ch. 77 was amended to contain two sections. Section 7701 was amended and titled "Appellate procedures" and within that section subsections (f)–(i) specifically dealt with procedures in mixed cases.[15] With the intervention of the EEOC in mixed cases an appellant could seek judicial review in those cases not only after Board decisions but also after decisions of the EEOC reviewing Board orders.[16] Even though the Senate made these distinctions in procedures governing mixed cases as compared with appealable action cases which raised no discrimination issues, judicial review in federal court was to be sought in all cases after final Board decisions. Sec. 205 of S. 2640 as passed by the Senate on September 13, 1978 amended Ch. 77 to add § 7702(a) which stated

> "Any employee, or applicant for employment, adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of such an order or decision."

This language is almost identical to that contained in § 7703(a)(1) as it currently reads. In discussing this section the Senate Report states:

> "Section 7702(a) authorizes an employee or applicant adversely affected by a *final* order or decision of the Board to seek judicial review. *The section applies to judicial review of all final orders or decisions of the Board, including discrimination ... appeals ...*" (emphasis added) [17]

Faced with differences in S. 2640 and H.R. 11280 the bills were sent to a conference committee. Based on the recommendation of the conference committee the Senate bill, with some amendments, was passed by Congress in lieu of the House bill. The substance of Sec. 205 of S. 2640 remained the same, though some changes were made. The procedures set forth at § 7701(f)–(i) of S. 2640 as passed by the Senate on September 13, 1978, which dealt exclusively with mixed cases, were placed in a separate section, § 7702, and titled "Actions involving discrimination". The section dealing with judicial review, previously § 7702, was renumbered as § 7703 in the conference committee. The phrase "judicially reviewable action" in § 7703(b)(2) as it currently reads appeared for the first time in S. 2640 as reported out by the conference committee.

Nothing in the legislative history suggests that Congress, in using the phrase "judicially reviewable action", intended to depart from the consistent position in prior versions of Sec. 205 that petitions for judicial review were to be filed in all cases within 30 days of receiving notice of the final Board decision. As noted above the amendment to Sec. 205 by the Senate Governmental Affairs Committee provided for special procedures in mixed cases. With the participation of the EEOC those cases took on an additional layer of administrative complexity and an appellant could potentially seek judicial review at three different points in the administrative process, depending on how the Board and the EEOC interacted.[18] In the version of Sec. 205 of

---

**14.** *Compare* § 7701(f)–(i) as amended by Sec. 205 of S. 2640 as passed by the Senate on Sept. 13, 1978, *with* § 7702 as added to Ch. 77 by Sec. 205 of the Act.

**15.** *See* S.Rep. at 56, *reprinted in* 1978 Cong.News at 2778.

**16.** *See* § 7702(b) as added to Ch. 77 by Sec. 205 of S. 2640 as passed by the Senate on Sept. 13, 1978.

**17.** S.Rep. at 62, *reprinted in* 1978 Cong.News at 2784.

**18.** These three points were:

a.) The decision of the Board, if the EEOC refused to review it;

b.) The decision of the EEOC, if it chose to review the Board decision and concurred in that decision; and

c.) The decision of the Board upon remand from the EEOC, if the EEOC chose to review the Board's decision and reached a contrary decision.

*See* § 7702(b) as added to Ch. 77 by Sec. 205 of S. 2640 as passed by the Senate on Sept. 13, 1978.

S. 2640 reported out by the conference committee and enacted into law by Congress Ch. 77 was amended so an appellant in a mixed case can potentially seek judicial review at six different points in the administrative process., depending on how the Board and the EEOC interact.[19] Rather than list each of the various decisions during the administrative process from which an appellant can seek judicial review in a mixed, case, § 7703(b)(2) states generally that review in federal court must be sought within 30 days of receiving notice of the "judicially reviewable action" and directs the appellant to consult § 7702 to determine when a judicially reviewable action takes place.

The provisions on timeliness for seeking judicial review of Board decisions in § 7703(b) lack the clarity contained in the initial versions of Sec. 205 which appeared in S. 2640 and H.R. 11280. In the initial versions of the bills and up to consideration by the conference committee there was no question that petitions for judicial review had to be filed in all cases, including mixed cases, within 30 days of receiving notice of the final Board decision. While § 7703 as it currently reads lacks the clarity it would have had under the initial versions of the bill there is still no doubt, as seen in the legislative history of the Act, that judicial review in a mixed case is sought from the final Board decision.

### B.

A careful analysis of 5 U.S.C. §§ 7701–7703 and of regulations adopted by the Board supports this conclusion; mixed cases are treated by the Board in basically the same way as appealable action cases which raise no discrimination issues. In all cases the 30 day limitations period for seeking judicial review begins to run only after the final Board decision.

The fulcrum of appellees' position, the critical argument on which everything else hinges, is that a mixed case is treated by the Board in a manner totally different than an appealable action case which raises no discrimination issues. Appellees contend § 7701 controls in appealable action cases with no discrimination issues before the Board, § 7702 controls in mixed cases, and never the twain shall meet. Appellees' argument, however, does not stand up under close scrutiny. 5 U.S.C. §§ 7701–7703 and the regulations promulgated by the Board do not support it. All cases before the Board are treated in basically the same manner.

### C.

Section 7702(a)(1) directs the Board to decide a mixed case "in accordance with the Board's appellate procedures under § 7701." Rather than standing side-by-side as two separate statutory sections providing two totally different administrative schemes, § 7702 builds on and assumes all the procedures laid out in § 7701. The provisions of § 7702 for the most part explain the role played by the EEOC in a mixed case, a role which begins only *after* the Board has completed its consideration of the case pursuant to the procedures set out in § 7701.

Section 7701 governs the procedures followed by the Board in *all* cases before it, including mixed cases. In each case the Board or a person designated by the Board makes a decision after a hearing, and a copy of the decision is sent to each party to the appeal and to the Office of Personnel Management (OPM). Section 7701(b). There is a 30 day hiatus before that decision becomes final, and in that time either party may petition the Board for review. In addition the Director of the OPM may petition the Board for review if he believes the decision is wrong and will impact the civil service. The Board can also reopen and reconsider the case on its own motion. Section 7701(e)(1). By regulation the Board has lengthened the period allowing for administrative review from 30 to 35 days. *See* 5 C.F.R. § 1201.112.

The 35 day waiting period before an initial decision becomes final is integral to the

---

**19.** *See* n. 8, *supra.*

administrative process. During this period not only the parties but also the Director of the OPM and the Board itself can move to reopen the case. Appellees would have us hold that in a mixed case an employee has to file for review in federal court before this 35 day period expires, a finding which would disrupt the administrative process. While an employee is pursuing review in federal court the Director of the OPM, the Board itself, or presumably even the employee, could still move to reopen the case and the administrative process would continue. This result makes no sense. "Concern for judicial economy dictates that we discourage simultaneous judicial and administrative proceedings that may yield conflicting results in a single dispute." *Donaldson v. Tennessee Valley Authority*, 759 F.2d 535, 538 (6th Cir.1985).[20]

### D.

Section 7701 sets forth a skeletal rubric of the Board procedures in appeals from adverse federal agency employment actions, leaving the Board to flesh out its own procedures through regulations. See § 7701(a) and (j).[21] The Board regulations, even more clearly than the statute, demonstrate that in all cases, including mixed cases, the 30 day limitations period for seeking review in federal court runs from the final Board decision and not from the initial decision of a presiding official. The Board is the agency designated by statute to apply the provisions of the Act. Accordingly, its interpretation of the statute as reflected in its regulations is entitled to great deferrence. *New York Department of Social Services v. Dublino*, 413 U.S. 405, 421, 93 S.Ct. 2507, 2516, 37 L.Ed.2d 688 (1973); *Debose v. United States De-*

*partment of Agriculture*, 700 F.2d 1262, 1266 (9th Cir.1983).

Part 1201 of 5 C.F.R. parallels the statutory provisions of Chapter 77, 5 U.S.C. Subpart B, 5 C.F.R. 1201.11 *et seq.*, covers hearing procedures for appellate cases before the Board. Subpart D, 5 C.F.R. § 1201.151 *et seq.*, covers the procedures in cases involving allegations of discrimination, that is, mixed cases. Paralléling § 7701(a)(1), Subpart D, states that

"Except as otherwise expressly provided by this subpart, all actions involving allegations of prohibited discrimination shall comply with the regulations regarding hearing procedures set forth in Subpart B of this part."

5 C.F.R. § 1201.152.

Within Subpart B, C.F.R. §§ 1201.111–1201.118 set forth the procedure by which the Board arrives at a final decision. Section 1201.111(a) states that "the presiding official shall prepare an initial (or recommended) decision within 25 days of the closing of the record." Section 1201.111(b) lists what must be included in an initial decision:

"Each initial decision shall contain:

(1) Findings of fact and conclusions ...

(2) An order as to the final disposition of the case, including appropriate relief;

(3) *The date upon which the decision will become effective*, which, for purposes of this section, shall be deemed to be effective 35 days after issuance; and

(4) A statement of further right to appeal, including petition for review and judicial review." (emphasis added)

Section 1201.113 provides that "the initial decision of the presiding official shall be-

---

**20.** In *Donaldson* a panel of this court held that in a Title VII case when "a federal employee files a motion ... to reconsider [with the EEOC] within 30 days of receipt of an EEOC decision, the EEOC's final decision on that motion is the 'final action' on the employees complaint. Thus, the employee may file suit in district court within 30 days of receipt of notice of this 'final action'." 759 F.2d at 538. The same rationale of judicial economy which led the *Donaldson* court to that conclusion supports our

conclusion that an appeal to federal court in a mixed case is taken only after final Board decisions.

**21.** § 7701(a) states in part:

"Appeals shall be processed in accordance with regulations prescribed by the Board."

§ 7701(j) provides:

"The Board may prescribe regulations to carry out the purpose of this section."

come final 35 days after issuance" unless a party, the Director of the OPM, or the Board moves for reconsideration. Section 1201.113(e) states: "Administrative remedies are considered exhausted when a decision becomes final in accordance with this section." Finally, § 1201.118, paralleling 5 U.S.C. § 7703(a)(1), states: "Any employee or applicant for employment adversely affected by a *final* order or decision of the Board may obtain judicial review under the provisions of 5 U.S.C. 7703." (emphasis added)

Clearly review in federal court is to be sought only after the initial decision of the presiding official becomes final. The regulations refer to the initial decision of the presiding official as merely a "recommended" decision which is not even effective until 35 days have passed. Section 1201.118 specifically states that review in federal court may be pursued after a *final* Board decision issues, which does not occur until administrative remedies have been exhausted. In a case where no one seeks review by the Board of the initial decision no new decision issues and the initial decision becomes the final decision of the Board after 35 days. From that date the employee who is aggrieved by the final Board decision has 30 days to file for review in federal court.

These regulations are controlling in this case since nothing in Subpart D, which governs the procedures in mixed cases, expressly provides otherwise. To the contrary, 5 C.F.R. § 1201.158, under Subpart D, provides:

"Any final decision of the Board under 5 U.S.C. *§ 7702* shall notify the appellant of his/her right to petition the Equal Employment Opportunity Commission ... to consider the Board's decision, or to file a civil action in an appropriate United States district court *within 30 days of the receipt of the Board's final decision.*" (emphasis added)

### E.

■ We hold that the 30 day limitations period to appeal to federal district court from a Board decision in a mixed case runs from the point an individual receives notice of the final Board decision in his or her case. When no one seeks administrative review of the initial decision of the presiding official no new notice is sent, and the passage of the 35 days from the time the initial decision issues converts the initial decision into the final decision of the Board. The initial decision itself notifies the parties that it will become the final decision of the Board in 35 days if no further administrative review is sought. The employee thus "receives notice" of the final decision of the Board on the very day the initial decision becomes the final decision of the Board, and must file for judicial review within 30 days of that date.

■ Ballard's complaint was timely filed.[22]

### III.

Ballard named the wrong defendants when his case was initially filed.[23] The correct defendants were not substituted in

---

**22.** A pamphlet published by the Board titled *Appeal Rights and Procedures* (1982) unequivocally states at page 17:

· "Following a final decision from the Board in a mixed case, the appellant may do one of the following:

—Accept the decision of the Board;

—File a civil action in the U.S. District Court within *30 days* of receipt of the Board's final decision; or

—File a petition for review with the [EEOC] within *30 days* of receipt of the Board's final decision." (emphasis in original)

It is unfortunate that the clearest statement regarding the time limitations for seeking review of a Board decision in a mixed case is not in the

statute or the regulations but in a pamphlet distributed by the Board.

**23.** Ballard named as defendants the TVA and various individuals whom he claimed had played a role in his demotion. 5 U.S.C. § 7703(b)(2) provides that in an appeal from a Board decision in a mixed case the procedures of various civil rights statutes must be followed where applicable. In this case the only proper defendants, as set forth in 42 U.S.C. § 2000e-16(c), were the three members of the board of directors of the TVA who act as the "head" of the agency.

the case until a stipulation was entered between the parties almost 7 months later. Appellees now argue for the first time that the amendment substituting the proper party defendants cannot relate back to the initial filing date under Fed.R.Civ.P. 15(c) since they did not receive actual notice of the commencement of the suit within the 30 day limitations period for filing review in federal court.[24]

As a general rule an appellate court will not consider an issue not raised below. *In re White Motor Corporation*, 731 F.2d 372, 375 (6th Cir.1984); *Brown v. Marshall*, 704 F.2d 333, 334 (6th Cir.) *cert. den.*, —— U.S. ——, 104 S.Ct. 120, 78 L.Ed.2d 119 (1983); *Bannert v. American Can Company*, 525 F.2d 104, 111 (6th Cir. 1975) *cert. den.*, 426 U.S. 942, 96 S.Ct. 2662, 49 L.Ed.2d 394 (1976). Seeing no reason to depart from that general rule we do not consider appellees' second argument.

We REVERSE and REMAND this case for further proceedings consistent with this opinion.

---

24. While suit was filed on the 30th day after the Board's final decision, service on the TVA's general counsel was not accomplished until two days later.