798 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lillian BURKE, Plaintiff-Appellant
v.
FEDERAL BUREAU OF INVESTIGATION; Department of Justice;
Marvin Bray; William H. Webster; Joseph E. Griffin;
Herbert M. Berkowitz; John Doe aka Bob Graham; Albert S.
Hobson, Stanley S. Czarnecki; Robert Irvin; Albert
Mcginty; Various Unknown FBI Agents; Betty Smith; John T.
Corrigan, Defendants-Appellees
 No. 85-3624.
 United States Court of Appeals,
Sixth Circuit.
 July 22, 1986.
 
 Before MARTIN and GUY, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Lillian Burke appeals the district court's granting the federal defendants' motions to dismiss and for summary judgment in her action alleging violations of 42 U.S.C. 3 1983. She also argues that she has a recognizable constitutional claim under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). Her claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 5 1962, was abandoned on appeal.
 
 
 2
 The facts forming the basis for Burke's claim have been the subject of extensive investigation and publicity. In 1978, the FBI began an investigation, known as "Operation Corkscrew," into allegations of corruption in the Cleveland Municipal Court where Burke sat as a judge. One of the defendants, Marvin Bray, arranged for another defendant, Betty Smith, to impersonate Burke. It was subsequently announced in the media that Burke had accepted "bribes" from ( various FBI agents and that both state and federal grand juries were investigating the Matter. All parties now concede that the money was given to and received by defendant Smith.
 
 
 3
 Burke brought this action on June 27, 1984 against the Department of Justice, the Federal Bureau of Investigation, various federal agents involved in the investigation, and other private individuals. The district court dismissed Burke's complaint as against the federal defendants for her failure to obtain personal jurisdiction over them under Fed.R.Civ.P. 4(d)(4) and 4(d)(5). The court granted summary judgment to defendant county prosecutor John T. Corrigan based on prosecutorial immunity.
 
 
 4
 Burke retains two legal theories on appeal. First, she asserts that her section 1983 claim was valid, as she argued that the defendants damaged not only her good name and reputation, but also her right to employment, which as an elected official was directly dependent on her good name and reputation. For these reasons, Burke also claims that she has stated a cognizable claim under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).[1]
 
 
 5
 The defendants argue that Burke's section 1983 action is barred by the statute of limitations. We agree. In Mulligan v. Hazard, 777 P.2d 340 (6th Cir.1985), the Court held that the applicable statute of limitations for Ohio cases arising under section 1983 is the one-year personal injury statute found in Ohio Rev.Code Ann. Sec. 2305.11. The Mulligan court found that "[w]hile both Secs. 2305.10 and 2305.11 theoretically encompass intentional tort actions, section Sec. 2305.11, which applies to actions involving assaults, batteries and the like, more specifically encompasses the sorts of actions which concerned Congress as it enacted the civil rights statutes." M. at 344.
 
 
 6
 The record before this Court contains an excerpt from a transcript of Judge Burke's testimony given on February 24, 1983 before a Congressional subcommittee investigating the facts surrounding her case. In this testimony, given sixteen months before suit was filed, Burke stated:
 
 
 7
 I am grateful to this subcommittee for allowing me to speak here today about a series of events which took place over a 4-year period and which created a cloud over my integrity and character...
 
 
 8
 Clearly [in 1978] the cloud of the investigation had begun to take its toll. Some of us in the Cleveland Municipal Court had been placed under a cloud of suspicion, and somehow we were considered not worthy of endorsements. In fact, the news media appeared thoroughly convinced that a number of judges in our Court had engaged in various corrupt practices ...
 
 
 9
 How can the FBI justify debasing my good name without cause? 0'n what basis was I targeted for a bribe? Out of 14 judges, why was I singled out? ...
 
 
 10
 These and similar questions 1 intend to explore in a lawsuit 1 intend filing in the very near future against persons who have engaged in tortious conduct which I believe to be unlawful and unconstitutional.
 
 
 11
 F.B.I. Undercover Activities: Oversight Hearings Before the Subcomm. on Civil and Constitutional Rights of the House Comm. on the Judiciary, 98th Cong. lst Sess. 16, 17-19 (1983) (Statement of Judge Lillian Burke).
 
 
 12
 Despite this statement showing her awareness of the defendants' actions and their efforts, Burke contends that she did not become aware of those acts sufficiently to file suit until she received a copy of the Oversight Hearings in, 1984. This contention is without merit. A cause of action under section 1983 accrues when the party knows, or has reason to know, of his or her injury. Sevier v. Turner, 742 F.2d 262, 273 (6th Cir.1984). Burke indisputably knew of her injury at least sixteen months before she filed her lawsuit, at the time she testified before Congress. Her contention that she was not fully cognizant of the extent of the defendants' actions until she received the report from the Congressional subcommittee is not persuasive, as such information is a proper subject of the discovery process, not a prerequisite for the filing, of a lawsuit.
 
 
 13
 The second issue in this appeal is a Bivens claim. Burke now alleges that the federal agents' actions deprived her of her constitutional rights. This allegation, however, was never alleged by Burke in the lower court. The closest reference to a Bivens claim in Burke's complaint is an allegation that "[t] he defendants conspired and acted to deprive the plaintiff of her constitutionally protected interest under color of State and federal law." Burke never mentions Bivens by name in her complaint or her response to the defendants' motion to dismiss or for summary judgment, despite the fact that the defendants had specifically addressed the issue in their pleadings. In fact, in Judge Burke's response to the motion to dismiss or for summary judgment, she alleges: "In this case, the plaintiff has alleged that the defendants acted under color of state and/or federal law ... Simply put, Judge Burke has alleged a cause of action under 42 U.S.C. 9 1983."
 
 
 14
 From this record, it is apparent that Judge Burke did not intend to pursue a Bivens theory. She never mentioned the theory in any of her pleadings before the district court, and did not respond to the defendants' arguments concerning this theory.
 
 
 15
 This Court will not consider legal theories not raised in the court below. Russ' Kwik Car Wash v. Marathon Petroleum Co., 772 F.2d 214, 217 (6th Cir.1985); Ballard v. Tennessee Valley Authority, 768 F.2d 756, 765 (6th Cir.1985); Brown v. Marshall, 704 F.2d 33, 334 (6th Cir.), cert. denied, --- U.S. ----, 104 S.Ct. 120 (1976). We therefore decline to address either the timeliness or the merits of Burke's Bivens argument.
 
 
 16
 The judgment of the district court is affirmed.
 
 
 
 [1]
 We need not address Burke's argument regarding the trial court's ruling on personal jurisdiction over the. federal defendants