Herbert S. Sanger, Jr., Gen. Counsel, Justin M. Schwamm, Sr. Asst. Gen. Counsel, Thomas F. Fine, John P. Kernodle, Knoxville, Tenn., for defendant.

## Stephen SINICHAK

v.

## TENNESSEE VALLEY AUTHORITY.

No. 3–86–0216.

United States District Court,
M.D. Tennessee,
Nashville Division.

Aug. 20, 1986.

## MEMORANDUM

WISEMAN, Chief Judge.

Defendant originally filed a motion to dismiss plaintiff's complaint for failure to name the correct defendant, which the Court reserved until amendment and service had been accomplished. Plaintiff then filed a motion to amend his complaint to substitute the Tennessee Valley Authority Board of Directors for the Tennessee Valley Authority. The Court granted that motion. Defendants have filed a supplemental motion to dismiss, objecting to plaintiff's failure to actually file the amended complaint and claiming that amendment would be futile because the limitations period has expired.

In *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court held that amendments should be freely allowed.

In the absence of any apparent or declared reason—such as undue delay, bad

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* 371 U.S. at 182, 83 S.Ct. at 232, 9 L.Ed.2d at 226; *see also Neighborhood Development Corporation v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir.1980). The Court concludes that because the limitations period has expired, plaintiff's amendment would be futile, and therefore denies plaintiff's motion to amend.

On February 5, 1986, the Equal Employment Opportunity Commission (EEOC) affirmed a decision of the Tennessee Valley Authority which found no merit in plaintiff's claim of sexual discrimination under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e–16(c). Plaintiff alleges that he received a copy of this decision on February 7, 1986. Plaintiff's complaint in this action was received by the Clerk of the Court on March 5, 1986, and was filed on March 7, 1986, after the Court approved plaintiff's application to proceed in forma pauperis. Defendant Tennessee Valley Authority was served with the complaint on March 14, 1986. As noted above, the defendants that plaintiff seeks to name in his amended complaint have yet to be served.

Section 2000e–16(c) requires that suit be instituted within 30 days after a claimant receives notice of final administrative action on a discrimination claim. Because the thirtieth day fell on a Saturday, the limitations period in the instant case expired on Monday, March 10, 1986. *See* Fed.R.Civ.P. 6(a). Thus, unless plaintiff's amended complaint "relates back" to the date on which the original complaint was filed under Rule 15(c), Fed.R.Civ.P., the limitations period will have expired, and any attempt to substitute new defendants will be futile.

Rule 15(c) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Fed.R.Civ.P. 15(c). The Supreme Court recently discussed the "relation back" concept of Rule 15(c). In *Schiavone v. Fortune*, 477 U.S. ——, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the Court made clear that a newly named defendant must receive notice of the commencement of the action within the statutory limitations period, unaided by a Rule 4 service of process extension. *Id.* 477 U.S. at ——, 106 S.Ct. at 2384, 91 L.Ed.2d at 28; Fed.R.Civ.P. 4. The Federal Rules of Civil Procedure, and the Supreme Court's interpretation of those rules, clearly apply to Title VII actions. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). Therefore, the defendants plaintiff seeks to add in the instant case must have received notice of the institution of plaintiff's suit on or before March 10, 1986. As noted above, the Tennessee Valley Authority was not served with original complaint until March 14, 1986. Thus, even if the Court were to impute the Tennessee Valley Authority's notice of the commencement of the action to the defendants plaintiff seeks to add, that notice was not received until after the limitations period had expired. Therefore, because plaintiff's amended complaint would not relate back to the date the original complaint was filed, the statute of limitations would bar his action against the defendants he seeks

to add. Accordingly, the Court finds that granting the motion to amend would be futile, and therefore denies it.

Having concluded that plaintiff's motion to amend should be denied, the Court must address defendant's motion to dismiss as to the original defendant, the Tennessee Valley Authority. Section 2000e–16(c) provides that an action brought pursuant to its sections must name as the defendant "the head of the department, agency, or unit." It has now been clearly established that the only proper defendant in this type of action is the agency head. *See Ballard v. Tennessee Valley Authority*, 768 F.2d 756, 764 n. 23 (6th Cir.1985).

Sections 2(a) and 2(g) of the Tennessee Valley Authority Act provide that the "head" of the Tennessee Valley Authority is the three-member board of directors. 16 U.S.C. §§ 831(a), (g) (1982). Therefore, the Court concludes that the Tennessee Valley Authority is not the proper defendant and must be dismissed.

Having dismissed the original defendant, and having denied plaintiff's motion for leave to amend the complaint to substitute new defendants, the Court concludes that plaintiff's complaint should be dismissed in its entirety.