831 F.2d 1064
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Robert RICHIE, Defendant-Appellant.
 No. 87-1346.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1987.
 
 Before RALPH B. GUY, JR., DAVID A. NELSON and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals from a district court judgment denying his motion to correct his sentence filed pursuant to Fed.R.Crim.P. 35(a). Upon consideration of the record and briefs submitted by the parties, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The defendant raised a variety of claims all more properly cognizable in a 28 U.S.C. Sec. 2255 motion to vacate sentence. First, defendant asserted claims which relate to matters occurring at trial, prior to the imposition of sentence. These claims are not cognizable under Fed.R.Crim.P. 35(a), and should clearly be asserted in a Sec. 2255 proceeding. See Hill v. United States, 368 U.S. 424 (1962); United States v. Willis, 804 F.2d 961 (6th Cir.1986).
 
 
 3
 Second, defendant asserted a claim charging that his presentence report inaccurately overstated the amount of heroin involved in his conviction, which negatively influenced his sentence and parole eligibility. In addition, for the first time on appeal, he argues that the sentencing court should have complied with Fed.R.Crim.P. 32(c)(3)(D) to address the discrepancies in the presentence report. As this latter claim was not first presented in the district court, this court cannot address the issue on appeal. See Chandler v. Jones, 813 F.2d 773 (6th Cir.1987); Ballard v. Tennessee Valley Authority, 768 F.2d 756 (6th Cir.1985). This issue is, nonetheless, intertwined with the underlying claim regarding the presentence report which was presented to the district court. To present these issues in a procedurally correct posture for the district court to resolve, these issues as well should be included in a Sec. 2255 motion to vacate.
 
 
 4
 If defendant also desires to pursue these issues because they impact on his parole eligibility, he may do so in a 28 U.S.C. Sec. 2241 habeas corpus petition.
 
 
 5
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit, without prejudice to defendant's right to assert his claims under 28 U.S.C. Secs. 2255 and 2241.