908 F.2d 973
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leroy PLETTEN, Plaintiff-Appellant,
v.
MERIT SYSTEMS PROTECTION BOARD, et al., Defendants-Appellants.
 Nos. 88-1467, 89-1086.
 United States Court of Appeals, Sixth Circuit.
 July 13, 1990.
 
 1
 Before KENNEDY and RYAN, Circuit Judges; and GEORGE C. SMITH, District Judge*.
 
 
 2
 GEORGE C. SMITH, District Judge.
 
 
 3
 Appellant Leroy Pletten appeals within this consolidated appeal the district court's grant of summary judgment for the defendants in his appeal of a Merit System Protection board decision and, the district court's grant of defendant's motion to dismiss plaintiff's complaint regarding his Equal Employment Opportunity Commission claims. For the following reasons, we AFFIRM the district court's decisions.
 
 
 4
 Appellant, Leroy Pletten, was a civilian employee of the United States Army at the U.S. Army Tank-Automotive Command ("TACOM") in Warren, Michigan from 1969 until he was placed on leave without pay on December 14, 1980. Appellant, who is asthmatic, worked in an invironment where many fellow employees smoked. He was placed on leave because TACOM was unable to "reasonably accommodate" plaintiff's medical condition. Although TACOM offered appellant a smoke-free private office, TACOM could not accommodate appellant with a work environment totally free from tobacco smoke which, according to plaintiff's physicians, plaintiff required.
 
 
 5
 Long before any litigation was filed, Leroy Pletten began on his own to research army regulations dealing with cigarette smoke within the work place. He eventually found army regulation (AR No. 1-8) dealing with the issue of smoking. (Joint App. at 267-268). AR 1-8 balanced the interests of smokers and non-smokers in DA occupied buildings. Appellant's contention throughout his entire series of appeals has been that army policy favors non-smokers over that of smokers; therefore, TACOM owes him a totally smoke free environment. Yet, a close reading of AR 1-8 does not lead to such a conclusion. Within the regulation there are references to locations, such as auditoriums, eating facilities, elevators and the like, where smoking may be limited. Yet, nowhere can AR 1-8 be interpreted to require a total ban on smoking in any given DA facility. Leroy Pletten has gone through a series of army agency appeals. He had continued to push the army for changes and pursued every administrative regulatory agency and court remedy possible which could be of service, including but not limited to: (1) the United States Army's Civilian Appellate Review Agency; (2) the Merit System Protection Board; (3) the Secretary of the Army; (4) the EEOC; (5) the District Court; and (6) the Court of Appeals. These cases and the many others which appellant has filed have been ongoing for nine years. Plaintiff's sole claim throughout is that he is a "qualified handicapped individual" by statute. Therefore, once he meets the qualifications of a "qualified handicapped individual", the government has a duty to accommodate him.
 
 
 6
 Appellant's first issue concerns whether the district court properly granted summary judgment for the defendants on the issue of appellant's inability to show a genuine issue of material fact concerning his status as a "qualified handicapped individual".
 
 
 7
 In reviewing the propriety of the district court's grant of summary judgment for the defendants, this Court is mindful of Celotex v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) which states:
 
 
 8
 The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure or proof concerning an essential element of the non-moving party's case necessarily renders all of the other facts immaterial. Id. at 322-323 (Quoting Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986)).
 
 
 9
 The trial court and the reviewing appellate court apply the same standard to grants of summary judgment. In essence, the inquiry is whether the evidence presented a sufficient disagreement to require submission to a jury or whether it is so one-sided that defendants must prevail as a matter of law. Anderson at 252.
 
 
 10
 The district court found it to be undisputed, based on the reports of appellant's physicians, that appellant could only work in a totally smoke-free environment. The district court also found that appellant's job took him to all parts of the Tank Command establishment, which in and of itself was quite large and that smoking in the past had been permitted in various parts of the Tank Command. Further, the district court found that appellant never established that he would work in another classification. Therefore, it followed that there was no form of reasonable "accommodation" which was possible for the appellant. That being so, summary judgment was granted for defendants.
 
 
 11
 It is not in dispute that appellant is a handicapped person within the meaning of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 701 et seq. and 29 C.F.R. Sec. 1613.702(a). Appellant claims to be a "qualified handicapped person" which is defined as:
 
 
 12
 A handicapped person who, with or without reasonable accommodation, can perform the essential functions of the position in question without endangering the health and safety of the individual or others and who, depending upon the type of appointing authority being used: (1) meets the experience and/or education requirements (which may include passing a written test) of the position in question, or (2) meets the criteria for appointment under one of the special appointing authorities for handicapped persons. 29 C.F.R. Sec. 1613.702(f).
 
 
 13
 This Court has previously held "that the 'otherwise qualified' inquiry requires a consideration not only of the handicapped applicant's ability to perform the job's essential functions, but also whether a reasonable accommodation by the employer would enable the handicapped person to perform those functions". Hall v. United States Postal Service, 857 F.2d 1073, 1078 (6th Cir.1988). Likewise, it has been held that a qualified handicapped person is one who can perform the essential functions of the job in question. See School Bd. of Nassau County v. Arline, 480 U.S. 273, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987).
 
 
 14
 The district court determined that appellant was not a "qualified handicapped person". The undisputed medical evidence presented by appellant's own physicians supported the finding that no reasonable accommodation would be possible. Appellant's reference to improved ventilation and other methods of providing a smoke-free environment do not establish a genuine issue of material fact. None of the evidence appellant points to shows that these alternatives could produce an environment clean enough to meet his undisputed medical need for absolutely pure air. Appellant's job required him to travel throughout the TACOM establishment. Appellant's reference to improved ventilation or the possibility of a smoke-free environment could not meet his medical needs. Without a complete ban on smoking throughout the entire TACOM Unit, appellant could not be accommodated.
 
 
 15
 Appellant also appears to be contending that within the 4,500 pages of material that has been filed with the district court, that some additional genuine issue of fact must appear. However, this court is mindful that, "[a] district court is not required to speculate on which portion of the record the non-moving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support of the non-moving party's claim." InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir.1989). Appellant has failed to show to this court or the district court any material issue of genuine fact entitling him to relief. Therefore, the district court's order of summary judgment is AFFIRMED.
 
 
 16
 Appellant next claims the trial court erred in failing to make any ruling on his claim for wrongful discharge and further failed by not remanding the matter to the Federal Circuit Court of Appeals.
 
 
 17
 Generally, a judicial review of adverse decisions of the Merit Systems Protection Board lies exclusively in the United States Court of Appeals for the Federal Circuit. Lindahl v. Offices of Personnel Management, 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). When, however, the adverse ruling arises from a "mixed case" in which the employee also alleges discrimination, the exclusive jurisdiction is vested within the district court. Williams v. Department of the Navy, 715 F.2d 1485 (Fed.Cir.1985) (en banc.). The district court is required to conduct a record review of MSPB's affirmance of the removal decision and a de novo review of the discrimination claim. Ballard v. Tennessee Valley Authority, 768 F.2d 756 (6th Cir.1985). Since this suit clearly was one of a "mixed case", appellant's contention that this case should have been transferred to the Federal Circuit Court of Appeals is without merit. See also, 5 U.S.C. Sec. 7703(b)(2). As to appellant's remaining discharge claims, he has failed to establish in what respect the district court erred in dismissing this claim. Therefore, in view of our decision that Appellant was not an "otherwise qualified" handicapped individual, we decline to address the discharge claims. Therefore, the district court is likewise AFFIRMED.
 
 
 18
 Appellant's third claim revolves around the dismissal of John O. Marsh, Jr., Secretary of the Department of the Army. Fed.R.App.P. 3(c) specifies that the notice of appeal shall designate the judgment, order, or part thereof appealed from. Appellant's Notice of Appeal said:
 
 
 19
 Notice is hereby given that Leroy Pletten, Plaintiff above named, hereby appeals to the United States Court of Appeals for the Sixth Circuit from the Orders granting and denying Summary Judgment entered in this action on the 22nd day of February, 1988.
 
 
 20
 Joint App. at 143-144.
 
 
 21
 Generally, notices of appeal are liberally construed to avoid technical disqualification where the intent of the parties is clear and no prejudice results. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). But, where after giving the notice of appeal a liberal construction, an issue is not presented, then the issue is not properly preserved for appeal. Draton v. Jiffy Chemical Corp., 591 F.2d 352, 361 n. 10 (6th Cir.1978). Thus, where a party intentionally appealed only a portion of the judgment in that the notice of appeal was expressly limited as to the orders or parts thereof appealed from, the court may not read into the notice that which is not there. Averitt v. Southland Motor Inn, 720 F.2d 1178 (10th Cir.1983). Having limited his appeal to the orders granting and denying summary judgment entered on February 22, 1988, appellant failed to preserve the right to appeal the dismissal of defendant Marsh.
 
 
 22
 The final issue of this appeal centers on the dismissal of plaintiff's second complaint, district court No. 88-72254, on the grounds of res judicata. Appellant alleges that res judicata cannot apply to his second complaint because of the alleged claims of reprisals which were not present within the first complaint. According to defendants, however, these reprisals are merely allegations of the continuing nature of the original claim.
 
 
 23
 Res judicata holds that between parties and their privies, a prior judgment on the merits is an absolute bar to a subsequent action alleging the same claims. Cromwell v. Sac County, 94 U.S. 351 (1875). See also Brown v. Felsen, 442 U.S. 127 (1979). This circuit has explained that the doctrine protects adversaries from the expense and vexation of attempting multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions. United States v. Stauffer Chemical Co., 684 F.2d 1174, 1180 (1982). Res judicata acts as a bar to all claims which seek recovery for the same injury, regardless of the legal theory. Silcox v. United Trucking Service, 687 F.2d 848, 852 (6th Cir.1982), Harrington v. Vandalia Butler Bd. of Ed., 649 F.2d 434, 437 (6th Cir.1981). Appellant basically asserts that because there were reprisals by the Army concerning his continued demands for a smoke-free environment, they constituted instances of new conduct for which he could obtain relief. However, it is clear that these "reprisals" are merely instances of the continuing violation for which he initially sought recovery. His second complaint raised retaliatory discharge as a basis for relief, but he nonetheless sought recovery for the same injury, which was discharge from his employment. Under traditional "merger and bar," the separate theory of the case (retaliatory discharge) was "merged" into his initial action. Res judicata acts as barrier to all of the claims that seek recovery for the same injury, regardless of the legal theory actually asserted in the first suit. See Silcox v. United Trucking Service, Inc., 687 F.2d 848, 852 (6th Cir.1982). The district court is AFFIRMED.
 
 
 24
 On careful review of the record, we AFFIRM the judgment of the District Court in all parts therein.
 
 
 
 *
 The Honorable George C. Smith, United States District Judge for the Southern District of Ohio, sitting by designation