14 F.3d 602
 5 NDLR P 199
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Catherine V. NESBY, Plaintiff-Appellant,
v.
DEPARTMENT OF VETERANS AFFAIRS, et al., Defendants-Appellees.
 No. 93-3731.
 United States Court of Appeals, Sixth Circuit.
 Dec. 17, 1993.
 
 Before: JONES and NORRIS, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Catherine V. Nesby, pro se, appeals an order granting the defendants' motion for summary judgment in this "mixed" case filed under 5 U.S.C. Sec. 7702 and under 29 U.S.C. Sec. 791, et seq. Nesby sued the Department of Veterans Affairs and several of its employees for alleged discriminatory action in regard to her termination from employment on March 22, 1991. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In her original complaint, Nesby complained that: 1) the Office of Workers' Compensation Programs wrongly denied her the proper compensation for a work-related injury which occurred on July 13, 1989; 2) the federal employees named in this suit subjected Nesby to intentional infliction of emotional distress in regard to her termination from the VA hospital in Dayton, Ohio; 3) the Merit System Protection Board (MSPB) erred in upholding the decision of removal from the VA hospital because of her disability; and 4) the MSPB wrongly determined that the defendants had not discriminated against her on the basis of her handicap.
 
 
 3
 The matter was referred to a magistrate judge by consent of the parties for entry of judgment and appeal to the Sixth Circuit. The magistrate court found that he had subject matter jurisdiction over the MSPB claim, as it was a "mixed" claim, containing an allegation of handicap discrimination. The magistrate judge granted the summary judgment motion by order filed June 2, 1993, and by judgment entered that same date.
 
 
 4
 On appeal, Nesby makes the following arguments: 1) the magistrate judge failed to consider her allegations regarding a violation of the Rehabilitation Act and failed to properly review the MSPB's decision; 2) the magistrate judge failed to consider her action as one under 42 U.S.C. Sec. 1983; 3) the magistrate judge failed to meet with her within twenty days after reference to him, as required under Fed.R.Civ.P. 52(d); 4) she was denied a right to trial by jury to litigate her claim; and 5) the magistrate judge failed to address her claim of "intentional infliction of emotional distress."
 
 
 5
 This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 This is a "mixed" case, which is a claim of discrimination mixed with an appealable action from the MSPB. See Ballard v. Tennessee Valley Auth., 768 F.2d 756, 757 (6th Cir.1985). In such mixed cases, a federal employee allegedly adversely affected by a decision of the MSPB may seek review in a federal district court and have the facts regarding the discriminatory action reviewed de novo. 5 U.S.C. Sec. 7703(b)(2); Ballard, 768 F.2d at 757. Nondiscrimination claims, however, are reviewed on the administrative record, under 5 U.S.C. Sec. 7703(c). Morales v. Merit System Protection Bd., 932 F.2d 800, 802 (9th Cir.1991).
 
 
 7
 The parties do not dispute that Nesby is a handicapped person within the meaning of the Rehabilitation Act. See 29 U.S.C. Sec. 701 et seq. and 29 C.F.R. Sec. 1613.702(a). Rather, the issue is whether Nesby is a "qualified handicapped person" under 29 C.F.R. Sec. 1613.702(f), or whether the employer has attempted to reasonably accommodate her handicap so that she could perform the essential functions of her former position of Nursing Assistant. A district court must consider not only a handicapped applicant's ability to perform the job's essential functions, but also whether a reasonable accommodation by the employer would enable the handicapped to perform those functions. Hall v. United States Postal Service, 857 F.2d 1073, 1078 (6th Cir.1988). Federal courts must conduct an "individualized inquiry" and make appropriate findings of fact, giving appropriate weight to such legitimate concerns as exposing others to significant health and safety risks within the work place. School Bd. of Nassau County v. Arline, 480 U.S. 273, 287 (1987).
 
 
 8
 The magistrate judge's findings were sufficient to meet the requirements set forth in Arline and Hall. The magistrate judge specifically described the essential functions of a Nursing Assistant at the VA Hospital, described the types of duties that Nesby had difficulty performing in alternate light duty positions, made appropriate findings of fact in determining whether Nesby could, indeed, perform the essential functions of her former position, and took into consideration the somewhat heightened standard of scrutiny necessary because of a Nursing Assistant's responsibilities in such an environment, involving interaction with patients in the hospital. Thus, that the employer's justification for terminating Nesby reflects a "well-informed judgment grounded in careful and open-minded weighing of the risks and alternatives...." Hall, 857 F.2d at 1080 (quoting Arline v. School Bd. of Nassau County, 772 F.2d 759, 764-65 (11th Cir.1985), aff'd, 480 U.S. 273 (1987)).
 
 
 9
 At the hearing before the MSPB, Nesby testified that she was physically able to perform certain supervisory positions, such as Assistant to the Director, Personnel Specialist, and EEO Counselor. However, as found by the Board, there is no evidence that Nesby had the education or experience necessary to qualify for such positions. Under Sec. 1613.702(f)(1), a qualified handicapped person must meet the "experience and/or education requirements" of the position in question in order to be qualified for that position. The magistrate judge also determined that Nesby could not perform the essential duties surrounding her former job. A federal employer is not required to accommodate a handicapped individual by eliminating one of the essential functions of the job. Jasany v. United States Postal Serv., 755 F.2d 1244, 1250 (6th Cir.1985). Therefore, considering the alternate temporary employment offered to Nesby, her inability to perform these other jobs because of her handicap, the risks involved to the patients at the VA Hospital should Nesby be permitted to attempt her normal duties as a Nursing Assistant, and the fact that Nesby refused to undergo a fitness-for-duty examination by the VA's designated physician, the district court did not err in finding no handicap discrimination under the Rehabilitation Act.
 
 
 10
 Similarly, the MSPB decision is supported by substantial evidence in the administrative record. The Board order was based, in part, on a hearing in which Nesby and the named defendants were present and where all of the parties testified. Thus, magistrate judge's finding, that the VA's decision to terminate Nesby did not violate any of her statutory rights, will not be disturbed, in light of this court's standard of review. 5 U.S.C. Sec. 7703(c)(3).
 
 
 11
 We have examined the other issues that Nesby raises, and we conclude that they lack merit. Accordingly, the order granting the defendants' motion for summary judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.