**John W. JAMES, Appellant,**

**v.**

**UNITED STATES POSTAL SERVICE and United States Postmaster General, Preston R. Tisch, Appellees.**

**No. 87–1954EM.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 5, 1987.

Decided Jan. 4, 1988.

Rehearing Denied Feb. 4, 1988.

John W. James, pro se.

Thomas E. Dittmeier, U.S. Atty., Edwin B. Brzezinski, Asst. U.S. Atty., St. Louis, Mo., Jesse L. Butler, Asst. Gen. Counsel, Washington, D.C., James A. Friedman, U.S. Postal Service, Washington, D.C., for appellees.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

John W. James appeals from a final order entered in the District Court[1] for the Eastern District of Missouri granting appellees' alternative motion for dismissal or summary judgment as to his employment

---

**1.** The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

discrimination suit. For the reasons discussed below, we affirm the judgment of the district court.

Appellant is black, diabetic, and over the age of forty. The United States Postal Service (agency) terminated his employment as a letter carrier in September 1984 for allegedly threatening to kill his supervisor. Appellant denied making the threat, and in January 1985 filed an Equal Employment Opportunity (EEO) complaint with the agency alleging race discrimination.

Before the agency issued a final decision on the complaint, appellant filed a petition for appeal with the Merit Systems Protection Board (Board) alleging race and handicap discrimination. The Board held an evidentiary hearing and denied his claims on the merits. In a written opinion, dated July 12, 1985, the Board informed appellant that this was an initial decision which would become final on August 16, 1985 (unless by that date he petitioned the Board for review), and that he could obtain judicial review by filing a civil action in federal district court within thirty days of the date the initial decision became final.

On July 29, 1985, the agency issued its final decision to cancel appellant's EEO complaint of race discrimination. The letter of decision informed appellant that, in lieu of pursuing an administrative appeal, he could file a civil action in federal district court within thirty days of receipt of this final agency decision.

On October 3, 1985, appellant submitted to the district court a pro se complaint and application to proceed in forma pauperis. Subsequently, counsel was appointed and the complaint was amended to allege employment discrimination on the basis of handicap, race, and age. The district court granted appellees' alternative motion for dismissal or summary judgment on the ground that appellant did not file this action in compliance with applicable statutory time limits and notice requirements.

■ A decision by the Board on an issue of employment discrimination becomes a judically reviewable action on the date of its issuance. 5 U.S.C. § 7702(a). A case seeking such review "must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action...." 5 U.S.C. § 7703(b)(2). Here, because the Board's written initial decision informed appellant that the decision would become final on August 16, 1985, that is the date on which the final decision was issued and on which appellant "received notice." *See Ballard v. Tennessee Valley Auth.*, 768 F.2d 756, 764 (6th Cir.1985). Consequently, appellant should have filed his civil action based on the Board's rejection of his race and handicap discrimination claims by September 15, 1985.

Similarly, under 42 U.S.C. § 2000e–16(c), an employee may file a civil action "[w]ithin thirty days of receipt of notice of final action taken" by the agency on his or her complaint of race discrimination. Here, the agency issued its letter of final decision (which included a statement of appeal rights) on July 29, 1985, and appellant filed his complaint in October 1985.

Finally, under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1982), when an aggrieved employee has not first filed an age discrimination complaint with the Equal Employment Opportunity Commission (as appellant had not), the individual may not commence a civil action in federal district court "until the individual has given the Commission not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred." 29 U.S.C. § 633a(d). When appellant filed this claim in October 1985, he had not given the EEOC notice of intent to sue.

Clearly, then, appellant did not comply with the applicable time and notice requirements for filing his action in district court. The effect of such noncompliance is less clear. Some circuits have concluded that the thirty-day time limit of 5 U.S.C. § 7703(b)(2) is a jurisdictional prerequisite to filing suit in district court. *See, e.g., Hilliard v. United States Postal Serv.*, 814 F.2d 325, 327 (6th Cir.1987); *King v. Dole*, 782 F.2d 274, 275–76 and n. 2 (D.C.Cir.) (per curiam), *cert. denied,* —— U.S. ——, 107

S.Ct. 194 (1986); *Lofton v. Heckler,* 781 F.2d 1390, 1392 (9th Cir.1986) (per curiam). *But cf. Lee v. United States Postal Serv.,* 774 F.2d 1067, 1068 and n. 2 (11th Cir.1985) (per curiam) (leaving issue unresolved, but noting that the time limit of another statute—which statute is incorporated by § 7703(b)(2)—is *not* jurisdictional). Some circuits have come to the same conclusion with regard to the time limit of 42 U.S.C. § 2000e–16(c). *See, e.g., King v. Dole,* 782 F.2d at 277 n. 3; *Rice v. Hamilton Air Force Base Commissary,* 720 F.2d 1082, 1083–84 (9th Cir.1983); *Gaballah v. Johnson,* 629 F.2d 1191, 1198–99 (7th Cir.1980). *But see, e.g., Lee v. United States Postal Serv.,* 774 F.2d at 1068 n. 2; *Martinez v. Orr,* 738 F.2d 1107, 1110 (10th Cir.1984). By contrast, the prevailing view seems to be that the notice requirement of 29 U.S.C. § 633a(d) is *not* jurisdictional and that, even though it is a prerequisite to filing suit, it is subject to equitable modification. *See, e.g., Castro v. United States,* 775 F.2d 399, 403 n. 4 (1st Cir.1985) (per curiam); *Ray v. Nimmo,* 704 F.2d 1480, 1483 (11th Cir.1983) (per curiam).

▮ This court has not explicitly ruled whether these statutory requirements are jurisdictional in nature, or whether they are instead subject to the doctrine of equitable tolling.[2] But even if the requirements for commencing an action in district court *were* subject to tolling, we find nothing in the record in this case to warrant the application of the doctrine. The only explanation offered for appellant's noncompliance was that he was unassisted by counsel, unable to find a lawyer, and unfamiliar with the legal process. Those circumstances do not justify equitable modification of the requirements. *See Larson v. American Wheel & Brake, Inc.,* 610 F.2d 506, 510, 511 (8th Cir.1979).[3]

Accordingly, the order of the district court is affirmed.

---

**2.** In *Lewis v. Internal Revenue Service,* 691 F.2d 858 (8th Cir.1982), we addressed the time limit fixed by 5 U.S.C. § 7703(b)(1), which governs direct appellate review of Board decisions not involving claims of discrimination.

In *Scott v. St. Paul Postal Serv.,* 720 F.2d 524 (8th Cir.1983) (per curiam), *cert. denied,* 465 U.S. 1083, 104 S.Ct. 1453, 79 L.Ed.2d 770 (1984), we affirmed the district court's dismissal of an untimely complaint under 42 U.S.C. § 2000e–16(c) for lack of subject matter jurisdiction, but we also referred to the appellant's explanation for being late and concluded that tolling was not justified, thus implying that the time limit was not jurisdictional in a strict sense.

In *Larson v. American Wheel & Brake, Inc.,* 610 F.2d 506, 511 (8th Cir.1979), we specifically left open the question whether the timely-notice requirement of an analogous section, 29 U.S.C. § 626(d)(1), was a jurisdictional prerequisite.

**3.** Circumstances that might justify equitable tolling include situations where "a claimant has received inadequate notice, ... a motion for appointment of counsel is pending[,] ... the court has led the plaintiff to believe that she had done everything required of her, ... [or] affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (per curiam) (citations omitted).