Robert WARREN, Appellant,

v.

DEPARTMENT OF the
ARMY, Appellee.

No. 88–1068.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 21, 1988.
Decided Feb. 16, 1989.

John L. Oliver, Jr., Cape Girardeau, Mo., for appellant.

Major Cathy P. Cates, Washington, D.C., for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Robert Warren appeals from an order dismissing his pro se action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17 (1982), which sought review of an adverse decision by the Equal Employment Opportunity Commission (EEOC). The district court held itself to be without subject matter jurisdiction because Warren incorrectly named the Department of the Army as defendant, rather than the Secretary of the Army, and because his attempts to amend the complaint occurred more than thirty days after receiving notice of the denial of his claim, and therefore under the statute untimely. We are convinced that the unusual circumstances of this case compel us to toll the applicable limitations period and to allow Warren to file an amended complaint naming the proper defendant. We therefore reverse and remand.

Warren is a black male who was employed by the Department of the Army as a temporary booking and binding clerk under the Veterans Readjustment Act, 38 U.S.C. § 2014. Fired after eight months on the job, he subsequently filed charges of race and sex discrimination against the Army. After an administrative hearing, an EEOC complaints examiner found that the Army had not discriminated against Warren, and the Army later adopted the examiner's findings. On appeal, the EEOC issued a final decision affirming this determination.

On May 5, 1987, Warren received a copy of the EEOC's decision along with a "Notice of Right to File Civil Action." This letter advised Warren of his right to judicial review under 42 U.S.C. § 2000e–16(c), but cautioned that he was required to file his complaint within thirty days of receiving the letter. The letter further counseled that he "must name the appropriate official agency or department head as the defendant," and it is this delphic directive that gives rise to the dispute here. On May 28, 1987, Warren delivered to the clerk of the district court a pro se complaint which named the Department of the Army as the

sole defendant. On May 29, 1987, Warren filed an application for appointment of counsel and an application to proceed in forma pauperis, without prepayment of costs. Thirty-two days passed while the magistrate considered these applications.

On July 1, 1987, well after the thirty-day limitations period established by section 2000e–16(c) had expired, the magistrate denied Warren's request to proceed in forma pauperis, but allowed Warren to file a complaint provided that he pay filing fees on an installment basis. Although the clerk's office then issued summonses, several more days passed while they were processed and delivered by certified mail. The United States Attorney in St. Louis was served with Warren's complaint on July 9, sixty-five days after the thirty-day period began. The Department of the Army was served on July 13, and the United States Attorney General was served on July 14.

The Army moved to dismiss Warren's complaint, contending that it was time barred because it was not filed until July 1, 1987, more than thirty days after Warren received the EEOC right-to-sue letter. The district court disagreed, finding that Warren's complaint was filed on May 29, 1987, before the thirty-day limitations period of 42 U.S.C. § 2000e–16(c) had lapsed.

The Army also argued that the only proper defendant to Warren's action was the Secretary of the Army, and that any amendment to the complaint, naming the Secretary as defendant, would not relate back under Fed.R.Civ.P. 15(c) because the Secretary did not receive timely notice of Warren's action. Accepting this second argument, the district court held itself to be without subject matter jurisdiction over Warren's claims. The court reasoned that unless an amended complaint naming the Secretary of the Army as defendant related back to May 29, 1987, Warren's claim was time barred by the thirty day limitations

period of section 2000e–16(c). Concluding that the Secretary did not receive notice of the action within the limitations period, as required by Rule 15(c) to permit relation back of an amendment to Warren's pleadings, the district court dismissed Warren's complaint with prejudice. This timely appeal followed.

## I.

We must resolve whether the district court erred by dismissing Warren's pro se complaint for lack of subject matter jurisdiction as a result of Warren's failure to name as defendant the Secretary of the Army. At issue in this case are two requirements established by 42 U.S.C. § 2000e–16(c). First, the section provides that a plaintiff must bring suit within thirty days of receiving notice of an agency's final action. Warren fulfilled this condition when he filed his complaint on May 29, 1987.[1]

Second, section 2000e–16(c) requires a plaintiff to name as defendant the head of the appropriate department or the head of the appropriate agency. By naming the Department of the Army as the sole defendant to his lawsuit, Warren failed to comply with this condition. This defect bars Warren's action unless he may now amend his complaint to name the proper defendant and to have this amendment relate back to May 29, 1987, when the thirty-day period had not yet expired.

Determining whether Warren may do so involves analyzing the somewhat circular relationship between Federal Rule of Civil Procedure 15(c) and the thirty-day limitations period of section 2000e–16(c). Rule 15(c) allows pleading amendments to relate back to the original date of filing where the proper defendant received notice of the action prior to the expiration of the applicable limitations period.[2] *See Schiavone v. For-*

---

1. The Army does not appeal the determination of the district court that for purposes of 42 U.S.C. § 2000e–16(c), Warren filed his complaint when he delivered it to the district court clerk on May 29 along with applications for appointment of counsel and to proceed in forma pauperis.

2. Federal Rule of Civil Procedure 15(c) provides in part:

   An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in

*tune,* 477 U.S. 21, 29–31, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18 (1986) ("The linchpin is notice, and notice within the limitations period"). Here, the United States Attorney was not served until July 9, thirty-five days after the thirty-day filing period had expired. An amendment by Warren to his complaint, therefore, will not relate back to May 29 unless equity intervenes to toll the running of the thirty-day period. Should circumstances permit such tolling, the United States Attorney may be deemed to have received notice of Warren's action before the expiration of that limitations period.

■ To toll the thirty-day period and allow Warren to amend his complaint, in turn, we must determine that the filing period is analagous to a statute of limitations in that it is subject to equitable modification. The Supreme Court has held that the statutory time provision for filing with the EEOC a Title VII claim against a private employer is not a jurisdictional prerequisite to suit in federal court, but is instead subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). *Zipes* did not indicate, however, whether this holding extended to section 2000e–16(c) suits filed in federal court against the government. While this court has until today reserved judgment on the issue, *see James v. United States Postal Service,* 835 F.2d 1265, 1267 & n. 2 (8th Cir.1988), we now follow the prevailing view and extend the reasoning of *Zipes* to hold that, even in suits against the government, the thirty-day filing period established by section 2000e–16(c) is not jurisdictional but instead is subject to equitable tolling. *See Mondy v. Secretary of the Army,* 845 F.2d 1051, 1054–57 (D.C.Cir. 1988) (analyzing statutory language and structure to conclude that limits of section 2000e–16(c) are nonjurisdictional).[3] We have previously indicated that because of the remedial character of Title VII, the filing period of 42 U.S.C. § 2000e–5(f)(1) is more akin to a statute of limitations than a jurisdictional prerequisite. *See Thomas v. KATV Channel 7,* 692 F.2d 548, 549–50 & n. 2 (8th Cir.1982) (per curiam), *cert. denied,* 460 U.S. 1039, 103 S.Ct. 1431, 75 L.Ed.2d 790 (1983). We see no reason to distinguish section 2000e–5(f)(1) from section 2000e–16(c) for purposes of equitable tolling. *See Martinez v. Orr,* 738 F.2d 1107, 1110 (10th Cir.1984).

## II.

■ Having determined that equitable tolling may apply in actions under 42 U.S.C. § 2000e–16(c), we must decide whether equity warrants tolling the limitations period in this case. In *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam), the Supreme Court suggested that courts may toll a limitations period where

> a claimant has received inadequate notice, * * * where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, * * *

---

by amendment, that party (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the actions would have been brought against the party.

The delivery or mailing of process to the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

**3.** For opinions of other circuits holding the limitations period of section 2000e–16(c) to be nonjurisdictional, see *Boddy v. Dean,* 821 F.2d 346, 349–50 (6th Cir.1987); *Hornsby v. United States Postal Service,* 787 F.2d 87, 89 (3d Cir.1986); *Martinez v. Orr,* 738 F.2d 1107, 1110 (10th Cir. 1984); *Milam v. United States Postal Service,* 674 F.2d 860, 862 (11th Cir.1982); *cf. Paulk v. Department of the Air Force, Chanute Air Force Base,* 830 F.2d 79, 81, 83 (7th Cir.1987) (filing period is jurisdictional with exception of suits filed in forma pauperis). *But see Lamb v. United States Postal Service,* 852 F.2d 845, 847 (5th Cir.1988); *Cooper v. United States Postal Service,* 740 F.2d 714, 716 (9th Cir.1984), *cert. denied,* 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985).

where the court has led the plaintiff to believe that she had done everything required of her, * * * [or] where affirmative misconduct on the part of the defendant lulled the plaintiff into inaction. *Id.* at 151, 104 S.Ct. at 1725–26 (citations omitted). We conclude that under these principles equitable tolling is appropriate here.

Warren's expectations doubtlessly were shaped by the right-to-sue letter that he received from the EEOC. In describing the procedures Warren needed to follow in order to pursue his right to review, this letter used language that Warren reasonably characterizes as misleading. The letter draws on language in section 2000e–16(c) which provides that in an action challenging an EEOC decision, "the head of the department, agency, or unit, as appropriate, shall be the defendant." The EEOC's letter advised Warren:

> You are further notified that if you file a civil action YOU MUST NAME THE APPROPRIATE OFFICIAL AGENCY OR DEPARTMENT HEAD AS THE DEFENDANT. Rule 25(d)(2) of the Federal Rules of Civil Procedure provides that you may describe the defendant by official title rather than by name. Failure to provide the NAME OR OFFICIAL TITLE of the agency head or, where appropriate, the department head, may result in the loss of any judicial redress to which you may be entitled. (Please note: For this purpose, Department means the overall national organization, such as the now defunct Department of Health, Education and Welfare, not the local administrative department where you might work.) You must be sure that the proper defendant is named when you file your civil action.

(Emphasis in original.) The underscored language can be read as requiring the plaintiff to name either the agency or its head; it is unclear whether "head" modifies only "department" or also "agency," and the remainder of the letter leaves this ambiguity unresolved. The wording therefore has been repeatedly challenged by courts as "cryptic" and unhelpful to litigants. *See Mondy,* 845 F.2d at 1052 n. 1;

*Paulk v. Department of the Air Force, Chanute Air Force Base,* 830 F.2d 79, 80 (7th Cir.1987); *Williams v. Army and Air Force Exchange Service,* 830 F.2d 27, 31 (3d Cir.1987) ("It would be a simple matter * * * to provide in the right to sue letter [clear] information as to who should be named as defendant"). Here, Warren filed his complaint without benefit of counsel, and his pleadings indicate that he is wholly unfamiliar with the law. We cannot fault him for misinterpreting the EEOC's letter. Furthermore, Warren filed his complaint within thirty days of receiving the letter. At the time he filed his complaint, therefore, Warren was led by the EEOC into believing that he had done everything required of him. Under *Baldwin County,* this alone might justify the use of equity to toll the limitations period. *Cf. Martinez,* 738 F.2d at 1110 (tolling limitations period where plaintiff was "lulled into inaction" by the EEOC).

In addition to the text of the EEOC's letter, however, we are influenced by the time which elapsed while the district court considered Warren's applications to proceed in forma pauperis and have counsel appointed. Over thirty days passed while the district court considered these motions, and at least one circuit has held that equity requires the tolling of the limitations period while such a motion is pending. *See Paulk,* 830 F.2d at 82–83. Although the magistrate eventually denied Warren's applications, our review of the record indicates that they were made in good faith; the magistrate's ruling, in permitting Warren to pay filing fees on a delayed schedule, supports this view.

In short, equity counsels against precluding Warren from pursuing his federal court action. Importantly, this is not a case where a plaintiff needlessly delayed instituting an action. Instead, the record reveals that Warren acted with "utmost diligence," only to find himself caught up in an arcane procedural snare. *See Martinez,* 738 F.2d at 1112. Such unusual circumstances warrant the use of equitable tolling. The United States Attorney is thus deemed to have been served with Warren's

complaint before the expiration of the limitations period established by section 2000e–16(c).

## III.

■ This does not end our analysis, however, for we have yet to determine whether Warren may amend his complaint to name the Secretary of the Army as the proper defendant. Under Fed.R.Civ.P. 15(c), relation back is dependent upon satisfying each of four factors:

(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone,* 477 U.S. at 29–30, 106 S.Ct. at 2384. The first of these factors is not at issue here since in substituting parties Warren in no manner alters his underlying discrimination claim.

As for the second factor, the Army suffers no prejudice should an amendment be deemed to relate back. Had Warren named the correct defendant in his complaint filed on May 29, Warren would have been able to maintain his action even if the United States Attorney were not served until July 9, as was the case here.[4] The Army's ability to present a defense is thus not impaired by Warren's failure to provide it with more timely notice of his lawsuit.

Warren also has little trouble meeting the third element of the *Schiavone* test, which asks whether the Secretary of the Army, but for Warren's mistake in naming the Department of the Army as defendant, should have known that the action properly lies against him. Given the substantial identity of interest existing between the Department of the Army and its Secretary, notice of Warren's action may be properly imputed to the Secretary. *Cf. Johnson v. United States Postal Service,* 861 F.2d 1475, 1488 (10th Cir.1988) (McKay, J., dissenting); *Gonzales v. Secretary of the Air Force,* 824 F.2d 392, 398–99 (5th Cir.1987) (Brown, J., dissenting), *cert. denied,* —— U.S. ——, 108 S.Ct. 1245, 99 L.Ed.2d 443 (1988). We have little doubt but that the same individual would have received Warren's suit papers regardless of whether the Department or its Secretary were named as defendant. The General Counsel of the Department of the Army is one of the enumerated officers within the Office of the Secretary of the Army, and has the statutory function of assisting the Secretary in carrying out his responsibilities. *See* 10 U.S.C. § 3014(b)(4) (Supp. IV 1986).

Finally, the requirements pertaining to prejudice and notice must have been fulfilled before the expiration of the applicable limitations period. As we have held it proper to toll the running of this period, this fourth condition is satisfied. We therefore conclude that an amendment to Warren's complaint should relate back under Rule 15(c) to the date on which he filed his complaint, May 29, 1987.

## IV.

In sum, we conclude that the thirty-day limitations period established by 42 U.S.C. § 2000e–16(c) is subject to equitable tolling and that the peculiar circumstances of this case demand using equity to toll the running of the period against Warren. We also hold that because the requirements of Fed.R.Civ.P. 15(c) are met, an amendment by Warren to his complaint substituting the Secretary of the Army for the Department of the Army will be deemed to relate back to the date on which Warren's original complaint was filed. Accordingly, we reverse the judgment of the district court and

---

**4.** 42 U.S.C. § 2000e–16(c) requires only that a plaintiff "file" an action within its thirty-day limitations period, not that a plaintiff "commence" one. The section contains no independent requirement for timeliness of service. If a plaintiff otherwise complies with the section by naming the proper defendant, the date on which service is accomplished is relevant only for purposes of complying with the 120-day limit of Fed.R.Civ.P. 4(j).

the case is remanded for further proceedings consistent with this opinion.