**William PLOURDE, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, United States of America, Defendants.**

Civ. No. 4–89–371.

United States District Court, D. Minnesota, Fourth Division.

Sept. 29, 1989.

James C. Lofstrom, Scheide, Smith & Lofstrom, Eagan, for plaintiff.

Jerome G. Arnold, U.S. Atty., and Lonnie F. Bryan, Asst. U.S. Atty., Minneapolis, for defendants.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on defendant's motion to dismiss plaintiff's Federal Tort Claims Act (FTCA) action on statute of limitations grounds. The motion will be granted.

## FACTS

The pertinent facts are undisputed for purposes of this motion.

Plaintiff William Plourde was injured on property owned by the United States Postal Service in February of 1988. Plaintiff timely filed an administrative claim with the postal service as required by the Federal Tort Claims Act, 28 U.S.C. § 2675. This claim was denied on May 20, 1988, and again upon reconsideration, on November 15, 1988. On May 4, 1989 plaintiff filed a complaint naming the United States Postal Service as defendant and served the complaint on the post office on May 9, 1989. Subsequently plaintiff learned that the complaint had incorrectly named the post office as defendant instead of the United States as required by 28 U.S.C. §§ 1346(b) and 2679, and on May 31, 1989 he served the local United States Attorney and the United States Attorney General with a copy of the summons and complaint as required by Fed.R.Civ.P. 4(d)(4). On July 31, 1989, plaintiff filed an amended complaint naming the United States as defendant and on that same day served the amended complaint on the local United States Attorney and the United States Attorney General.

The United States now moves to dismiss the complaint with prejudice on the grounds that plaintiff failed to timely commence his action by May 15, 1989, six months from the postal service's denial of his claim, as required by 28 U.S.C. § 2401(b).

## DISCUSSION

█ The requirement that a claim pursuant to the United States Torts Claim Act be commenced within six months of an administrative denial is a jurisdictional prerequisite to suit and a failure to comply warrants dismissal on the merits. *Stewart v.*

*United States,* 655 F.2d 741 (7th Cir.1981); *Camire v. United States,* 489 F.Supp. 998 (N.D.N.Y.1980).[1] *See also Smith v. Mark Twain National Bank,* 805 F.2d 278, 293–94 (8th Cir.1986). The six-month limitation period contained in 28 U.S.C. § 2401(b) expired in this case May 15, 1989, six months from the administrative denial. 28 U.S.C. § 2401(b).

While plaintiff's amended complaint naming the correct defendant was not filed until after this date, plaintiff argues that his case is timely because the amended complaint "relates back" to the original filing within the limitation period. "Relation back" is governed by Fed.R.Civ.P. 15(c) which provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

> The delivery or mailing of process to the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States

or any agency or officer thereof to be brought into the action as a defendant.

▪ Pursuant to rule 15(c), plaintiff argues that his amendment to name the United States as a party should relate back to the date of original filing on the grounds that his service of the summons and complaint on the United States Attorney and the Attorney General on May 31, 1989 was "within the period provided by law for commencing the action against the party."[2]

Fed.R.Civ.P. 3 provides that in federal court "a civil action is commenced by filing a complaint with the court." After filing, plaintiff must accomplish "prompt" service of the summons and complaint on the proper parties, Fed.R.Civ.P. 4(a), which, unless good cause is shown, must be within 120 days after filing.

Plaintiff argues that since he served the proper parties within 120 days of filing, the requirement of rule 15(c) that the "proper party" receive timely notice of the action was satisfied. Defendant contends that rule 15(c) is not satisfied because the proper parties did not "receive notice" of the suit until after the time for commencing the action, *i.e.,* six months from the administrative denial, had expired. According to defendant, Rule 15 required plaintiff not only to file his complaint but also accomplish service within the six-month period prescribed by section 2401. Plaintiff objects that this interpretation of rule 15(c) yields the unfair result that a misnamed defendant would be entitled to earlier notice than he would have received had he been named correctly. Indeed, it was this reasoning which compelled the United States Court of Appeals for the Second Circuit in a diversity action involving a misnamed defendant to conclude that:

> [U]nder Rule 15(c) the period within which "the party to be brought in" must receive notice of the action includes the

---

**1.** *Compare, Warren v. Department of the Army,* 867 F.2d 1156 (8th Cir.1989) (EEOC filing deadlines in claims against the United States not jurisdictional and subject to equitable tolling).

**2.** It is clear that the other requirements of rule 15(c) have been met in this case, *i.e.,* that the defendant "knew or should have known" when it received plaintiff's complaint on May 31, 1989 that it was the proper party, and that it suffered no prejudice to its ability to defend the case on the merits by reason of the mistake. *See Johnson v. United States Postal Service,* 861 F.2d 1475, 1481 n. 5 (10th Cir.1988); *Warren v. Department of the Army,* 867 F.2d 1156, 1161 (8th Cir.1989).

reasonable time allowed under the federal rules for service of process.

*Ingram v. Kumar*, 585 F.2d 566, 571–72 (2d Cir.1978), *cert. denied, Kumar v. Ingram*, 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499.

Following *Ingram*, the court in *Murray v. United States Postal Service*, 569 F.Supp. 794 (N.D.N.Y.1983) held that rule 15(c) permitted relation back where the United States was not served with the complaint within the statutory time period. In *Murray*, as here, a woman had mistakenly named the postal service instead of the United States in her suit for personal injuries pursuant to the FTCA and sought to amend her complaint to name the United States. The misnamed complaint was filed on the last day of the six-month post-denial period. The United States Attorney was notified of the suit the next day and formally served the day after that.

The court found that the requirement that the United States be sued in its own name was a "trap for the unwary that has often been criticized for preventing too many deserving claimants from obtaining relief against the government." *Id.* at 797, *citing* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1502 (1971).

Relying on *Ingram*, the court held:

Where, as here, the FTCA claimant had duly complied with the administrative procedures, had subsequently filed a timely complaint, had thereafter effected service of process within a reasonable time, and has only erred by naming the "United States Postal Service" as defendant instead of the "United States", application of the *Ingram* rule is probably more appropriate and defensible than it was in *Ingram* itself.

*Murray*, 569 F.Supp. at 797.

While plaintiff argues that these cases yield the more equitable result, their application in this case has been foreclosed by the Supreme Court's recent interpretation of rule 15(c) in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). In *Schiavone*, libel plaintiffs timely filed a complaint naming the wrong defendant. They then sought refuge under rule 15(c). While the proper defendant was not served within one year of publication of the libel, the complaint was filed within this time and defendant served less than 120 days thereafter in accordance with rule 4. The Court rejected the contention that the phrase "the period provided by law for commencing the action" in rule 15(c) includes the reasonable time for service provided by rule 4. *Id.* 106 S.Ct. at 2385. Relying on the "plain language" of the rule, the Court held:

We do not have before us a choice between a "liberal" approach toward Rule 15(c), on the one hand, and a "technical" interpretation of the Rule, on the other hand. The choice, instead, is between recognizing or ignoring what the Rule provides in plain language. We accept the Rule as meaning what it says.

*Id.* Application of *Schiavone* requires the Court to reject the theory that rule 15(c) permits relation back when the defendant receives notice after the applicable limitation period but within a reasonable time following filing of the complaint. Indeed, the *Ingram* case is apparently overruled by *Schiavone*. *Id.* at 2381 n. 1.

Plaintiff alternatively argues that the United States Postal Service is an "agent" of the United States government, and hence that timely service on it should be "imputed" to the United States. Indeed *Schiavone* acknowledged that "timely filing of a complaint and notice within the limitations period to the party named in the complaint permits imputation of notice to a subsequently named and sufficiently related party." *Schiavone*, 106 S.Ct. at 2384.

The 1966 amendments to rule 15(c) addressed the issue of imputed notice in actions against the government and produced the final paragraph of the rule which provides:

The delivery or mailing of process to the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States

or any agency or officer thereof to be brought into the action as a defendant. The 1966 amendment was intended to overrule the holding of four early social security benefit cases in which the United States was timely served instead of the Secretary of H.E.W. as required by the Social Security Act, and the cases dismissed. *See Cohn v. Fed. Sec. Adm.*, 199 F.Supp. 884, 885 (W.D.N.Y.1961); *Cunningham v. United States*, 199 F.Supp. 541 (W.D.Mo.1958); *Hall v. Dept. of HEW*, 199 F.Supp. 833 (S.D.Tex.1960); and *Sandridge v. Folsom, Secy. HEW*, 200 F.Supp. 25 (M.D.Tenn. 1959). *See also Byse, Suing the Wrong Defendant in Judicial Review of Federal Administrative Action: Proposals for Reform*, 77 Harv.L.Rev. 40 (1963); *Schiavone*, 106 S.Ct. at 2385–86 n. 8. The Advisory Committee notes indicate that a change was deemed necessary because since "the government" was on notice of the claim in the above cases, denial of a relation back was "not responsive to reality," and was being used to "defeat unjustly the claimant's opportunity to prove his case." Fed. R.Civ.P. 15(c), 1966 Advisory Committee Notes.

The 1966 amendment overruled the four social security cases by providing that when an *agency* is the proper defendant, service on the United States Attorney or his designee, or the Attorney General, within the applicable time permits relation back of a complaint naming the agency. The rule does not, however, provide for the converse, *i.e.*, that when the United States is the proper defendant, timely service on the agency permits relation back of a complaint naming the United States. Whether this omission is intentional is unclear. *Compare, e.g., Allen v. Veterans Administration*, 749 F.2d 1386 (9th Cir.1984) (no relation back) with *Murray v. United States Postal Service*, 550 F.Supp. 1211 (D.Mass.1982) (relation back permissible). In *Murray*, the court found that rule 15(c)

requires that the United States not be "prejudiced in defending itself through ignorance of the suit," and that the United States "must have known or should have known that the action would have been brought against it had there not been a mistake in identity." *Id.* at 1212. The court concluded:

> As long as the original complaint against the agency was served on the agency or the United States Attorney within the applicable period of limitations, the United States is assumed to have the requisite knowledge under the Rule so that the amendment is effective to substitute the United States as proper defendant.

*Id.*[3]

The United States Court of Appeals for the Ninth Circuit in *Allen* refused to follow *Murray*. In *Allen* plaintiff was injured while visiting a Veterans Administration hospital. She timely filed her complaint but erroneously named the Veterans Administration as a defendant instead of the United States as required by 28 U.S.C. §§ 1346(b) and 2679(a). Although she served the agency within the period of limitations, the United States Attorney's office did not receive actual notice of the suit until after the statute of limitations had run. The court rejected the theory that service of a complaint upon an agency or a responsible governmental officer is sufficient to impute necessary notice to the United States:

> Only if the United States Attorney and the Attorney General receive notice of the suit prior to the running of the statute of limitations will a plaintiff be allowed to substitute the United States as a defendant under Rule 15(c). This is not an unreasonable rule, particularly considering that Rule 4(d) of the Federal Rules of Civil Procedure require service

---

**3.** In *Carr v. Veterans Administration*, 522 F.2d 1355, 1357–58 (5th Cir.1975), the court refused to permit relation back because it found that *no* government official had been timely served, but suggested that service on either the agency or the United States Attorney would have sufficed. The court noted that the 1966 amendments to rule 15(c) were "a reaction to a line of cases refusing to allow an amendment to relate back when a plaintiff sued and served one governmental entity within the period prescribed by statute and later attempted to substitute the proper entity as a defendant." *Id.* at 1357–58.

upon both the United States Attorney and the Attorney General whenever an agency is sued.

*Allen* 749 F.2d at 1390. *See also Johnson v. United States Postal Service*, 861 F.2d 1475, 1481 (10th Cir.1988) (identity of interest exception does not apply in suits against the United States).

In *Warren v. Department of the Army*, 867 F.2d 1156 (8th Cir.1989), the court applied the "identity of interest" exception articulated in *Schiavone* and held in an action against the Secretary of the Army, that notice to the "Department of the Army" may be imputed to the Secretary. The court found that the same individual would have received plaintiff's papers regardless of whether the Department or its Secretary had been named as defendant. *Id.* at 1161. Unlike in *Warren*, the proper party here is not the agency itself, but rather the United States government. The proper party to be served in a suit against the United States government is the local United States Attorney and the United States Attorney General. Fed.R.Civ.P. 4. Unlike in *Warren*, the United States government and the United States Postal Service are not sufficiently related to permit notice on the agency to be imputed to the United States government. While the head of an agency can be expected to be on notice of a claim presented to his own agency, the United States government cannot be expected to be on notice of every claim presented against the United States Postal Service.[4]

Limitations and conditions upon which the government consents to be sued must be strictly observed and exceptions are not to be implied. *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1956); *Spannaus v. United States Department of Justice*, 824 F.2d 52, 55 (D.C.Cir.1987). *See also Smith v. Mark Twain National Bank*, 805 F.2d 278, 293–94 (8th Cir.1986). In enacting the Federal Tort Claims Act, the United States consented to a limited waiver of its sovereign immunity, and in doing so was entitled to

precisely circumscribe the scope of its liability and the manner in which it is to be sued. *United States v. Kubrick*, 444 U.S. 111, 117–18, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979). In construing the limitations periods of the Federal Tort Claims Act, the court must do so consistently with the obvious purpose of the provision, which is to encourage the prompt presentation of claims. *Kubrick*, 444 U.S. at 117, 100 S.Ct. at 357.

Here, Congress has stated in no uncertain terms that the United States is the "exclusive" party in an action for personal injury arising from the negligence of a government employee. 28 U.S.C. § 2679. Moreover, 28 U.S.C. § 2401(b) requires that such an action be commenced within six months from denial of an administrative claim. Plaintiff would have the Court imply an exception to these statutes permitting an action to be commenced against either the agency which is the subject of the litigation, or the United States, as long as one is timely served. This interpretation, however, requires a liberality which is denied the Court in construing the Federal Tort Claims Act. In suits against the United States pursuant to the FTCA, the United States must either be timely named in the complaint and served within a reasonable time thereafter pursuant to Rule 4, or receive actual notice of the suit within the applicable limitations period pursuant to Rule 15(c). Here, plaintiff accomplished neither, and the Court is required to dismiss the action.

CONCLUSION

Accordingly, based on the foregoing, and upon all the files, records and proceedings in this case,

IT IS ORDERED that defendant's motion to dismiss is granted.

---

**4.** This is particularly so, in view of the fact that a claim against the United States Postal Service may be presented at any local post office. 39 C.F.R. § 912.4.