# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2411

_____

Eddie P. R. Baskin,                          *
                                             *
           Appellant,                        *
                                             *  Appeal from the United States
      v.                                     *  District Court for the
                                             *  Eastern District of Missouri.
St. Louis Beer Sales,                        *
                                             *   [UNPUBLISHED]
           Appellee.                         *

_____

Submitted:  November 5, 2004
Filed:  November 12, 2004

_____

Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Eddie P. R. Baskin appeals the district court's[1] adverse grant of summary judgment in his Americans with Disabilities Act (ADA) lawsuit. Baskin sued St. Louis Beer Sales (SLBS) because he was terminated in February 2000 after a work-related knee injury. Having carefully reviewed the record, we affirm. See Epps v. City of Pine Lawn, 353 F.3d 588, 591 (8th Cir. 2003) (de novo standard of review).

_____

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

Initially, we reject SLBS's reasserted argument that Baskin's complaint was untimely. See Transcontinental Ins. Co. v. W.G. Samuels Co., 370 F.3d 755, 758 (8th Cir. 2004) (party that prevailed in district court need not file cross-appeal to raise alternative grounds for affirmance); Warren v. Dep't of Army, 867 F.2d 1156, 1160-61 (8th Cir. 1989) (where complaint was filed on time, and there was 30-day delay in consideration of in forma pauperis application and motion for counsel, equity weighed against precluding claimant from pursuing federal court action).

To establish a prima facie case under the ADA, Baskin had to show he had a disability within the meaning of the ADA, he was able to perform the essential functions of his truck-driving job with or without reasonable accommodation, and he was terminated because of his disability. See Duty v. Norton-Alcoa Proppants, 293 F.3d 481, 490 (8th Cir. 2002). Assuming, as did the district court, that Baskin had a qualifying disability, we agree with the district court that Baskin did not create a trialworthy issue as to whether assigning him to make deliveries in a box truck was a reasonable accommodation. See Alexander v. Northland Inn, 321 F.3d 723, 726-27 (8th Cir. 2003) (ADA plaintiff has burden to prove he can perform essential functions of job with reasonable accommodation); Dropinski v. Douglas County, 298 F.3d 704, 709-10 (8th Cir. 2002) (job restructuring is possible accommodation under ADA, but employer need not reallocate or eliminate essential functions of job); Benson v. Northwest Airlines, Inc., 62 F.3d 1108, 1114 (8th Cir. 1995) (reassignment to vacant position is possible accommodation under ADA, but creating new position is not required). Accordingly, the district court correctly declined to consider Baskin's interactive-process argument. See Dropinski, 298 F.3d at 710 (where court had determined that potential accommodations set forth by employee placed undue burden on employer, any discussion concerning interactive process was superfluous). To the extent Baskin is arguing that SLBS should have reasonably accommodated him by arranging for knee surgery and an extended leave, he did not raise such an argument in his summary judgment resistance. See Smith v. City of Des Moines, Iowa, 99 F.3d

1466, 1473 (8th Cir. 1996) (grant of summary judgment will not be reversed on basis of argument not presented below).

The judgment is affirmed.

_____