# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-1652

_____

Carl A. Frazier,                            *
                                            *
            Appellant,                      *       Appeal from the United States
                                            *       District Court for the
    v.                                      *       Western District of Missouri.
                                            *
Thomas J. Vilsack, Secretary,               *           [UNPUBLISHED]
United States Department of                 *
Agriculture,                                *
                                            *
            Appellee.                       *

_____

Submitted: November 17, 2010
Filed: March 14, 2011

_____

Before WOLLMAN, HANSEN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Carl Frazier appeals the district court's[1] dismissal of his civil rights employment discrimination action for failure to timely file suit. We affirm.

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Carl Frazier was a staff accountant with the United States Department of Agriculture (USDA) in the Kansas City, Missouri, office. Between December 2000 and July 2001, Frazier filed three administrative complaints of employment discrimination with the Equal Employment Opportunity Commission (EEOC) against the USDA. The final complaint alleged that he was constructively discharged based on the racially hostile working environment that resulted in his resignation on June 3, 2001. The complaints were consolidated, and the EEOC issued a final decision finding no discrimination in October 2008. Frazier filed a motion for administrative reconsideration, and the EEOC issued an order denying that motion on March 13, 2009. The order notified Frazier that he had "the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date [he] receive[d] th[e] decision." (Add. at 1.) In a separate administrative claim to the EEOC, Frazier claimed that the USDA retaliated against him for filing the earlier administrative complaints by refusing to hire him for a different position in May 2002. The EEOC ultimately agreed with Frazier on this separate claim and ordered the USDA to offer Frazier a job in an order dated June 4, 2009. As a result of that order, Frazier returned to work for the USDA.

Frazier filed this Title VII discrimination suit in the district court on June 17, 2009, alleging that he was constructively discharged from the USDA on June 3, 2001. The complaint was filed 96 days after the EEOC issued its March 13, 2009, order. The USDA filed a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that the complaint was untimely under 42 U.S.C. § 2000e-16(c). The district court held an evidentiary hearing and determined that Frazier failed to rebut the presumption that he received the notice within five days of its issuance, making his complaint filing date 91 days after receipt of the order and outside the 90-day statute of limitations contained in § 2000e-16(c). Finding Frazier's explanation for missing the deadline insufficient to satisfy equitable tolling, the court

granted the USDA's motion to dismiss. The court subsequently denied Frazier's motion to amend or correct the order dismissing his suit, noting that "Plaintiff cannot prevail regardless of whether the time limits are jurisdictional or 'merely' a statute of limitations." (Add. at 5.) Frazier appeals.

## II.

The parties dispute which Federal Rule of Civil Procedure applies to the district court's dismissal: Rule 12(b)(1) for lack of jurisdiction, Rule 12(b)(6) for failure to state a claim, or Rule 56 as a grant of summary judgment. Regardless of the underlying basis for the dismissal, our review is *de novo*. See Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency, 615 F.3d 985, 988 (8th Cir. 2010) (standard of review for Rule 12(b)(1)); Crooks v. Lynch, 57 F.3d 846, 848 (8th Cir. 2009) (standard of review for Rule 12(b)(6)); Gallagher v. Magner, 619 F.3d 823, 830 (8th Cir. 2010) (standard of review for Rule 56).

Congress waived the federal government's sovereign immunity with respect to employment discrimination claims by including within Title VII a section specific to employment discrimination claims brought by employees of the federal government. See 42 U.S.C. § 2000e-16. The EEOC is given the power to enforce Title VII's prohibition on employment discrimination by federal government employers, id. § 2000e-16(b), and the statute gives the aggrieved party the right to file a civil action as provided in 42 U.S.C. § 2000e-5 "[w]ithin 90 days of receipt of notice of final action taken . . . by the [EEOC] upon an appeal from a decision or order . . . on a complaint of discrimination . . . ." § 2000e-16(c). The Supreme Court has held that the statute of limitations contained in § 2000e-16(c) is subject to equitable tolling "in the same way that it is applicable to private suits." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95 (1990). The parties dispute whether the 90-day statute of limitations is jurisdictional and whether the district court properly dismissed the complaint.

It is not clear in our circuit whether the statute of limitations contained in § 2000e-16(c) in a government-defendant case is jurisdictional. Compare T.L. ex. rel. Ingram v. United States, 443 F.3d 956, 961 (8th Cir. 2006) (relying on Irwin and concluding that equitable tolling is "one of the 'terms' of the government's consent to be sued, and there is no inconsistency between viewing compliance with the statute of limitations as a jurisdictional prerequisite and applying the rule of equitable tolling" in a case involving the statute of limitations in a Federal Tort Claims Act case), with Warren v. Dep't of Army, 867 F.2d 1156, 1159 (8th Cir. 1989) ("[E]ven in suits against the government, the . . . filing period established by section 2000e-16(c) is not jurisdictional but instead is subject to equitable tolling."). We need not determine whether Warren remains good law. The Supreme Court made clear in Irwin that equitable tolling is part of the statute of limitations question in a Title VII case against the government. Thus, whether the statute of limitations is jurisdictional or not, we must determine whether equitable tolling applies as part of determining whether Frazier complied with the statute of limitations. Since application of equitable tolling is the only contested issue in the case, the district court was correct that the analysis is the same. Cf. Jessie v. Potter, 516 F.3d 709, 712-13 (8th Cir. 2008) (affirming grant of summary judgment without deciding whether case was properly dismissed under Rule 12(b)(1) or Rule 56 where sole issue was whether claimant was entitled to equitable tolling of 45-day period for contacting Equal Employment Opportunity Counselor following complained of action).

We take a short detour to address the procedural posture of this case. The district court's order arose in the context of ruling on a Rule 12(b)(1) motion to dismiss for lack of jurisdiction. We have recognized that "[i]t is not always inappropriate to convert a Rule 12(b)(1) motion into a Rule 12(b)(6) motion." Jensen v. Henderson, 315 F.3d 854, 857 n.5 (8th Cir. 2002). Given the lack of clarity concerning whether the statute of limitations is jurisdictional or not, this is the type of case where the district court could have properly considered the Rule 12(b)(1) motion as one arising under Rule 12(b)(6). The district court held an evidentiary

hearing on the Rule 12(b)(1) motion specifically addressing the statute of limitations issue, and both parties presented additional evidence. Where the district court could have considered the motion under Rule 12(b)(6), Rule 12(d) would have required it to then consider the case as one brought under Rule 56 for summary judgment. See Fed. R. Civ. P. 12(d) (requiring the court to treat a Rule 12(b)(6) motion as one for summary judgment if matters outside the pleadings are considered). Thus, regardless of whether the district court treated the case as a motion to dismiss under Rule 12(b)(1) or as one for summary judgment under Rule 56, it properly considered the evidence presented by the parties. Cf. Layton v. United States, 919 F.2d 1333, 1334-35 (8th Cir. 1990) ("[W]hile conversion from a 12(b)(1) to a 12(b)(6) motion may have been appropriate, it was error to dismiss the plaintiffs' actions on summary judgment on issues not raised in the motion to dismiss without first giving them an opportunity to respond to the new issues.").

Returning to the merits of the statute of limitations issue, Frazier filed suit 96 days after the USDA mailed its notice of final action. The limitations period begins to run when the notice is received, see § 2000e-16(c), and the district court applied a generous five-day presumption of mailing time to conclude that Frazier received the notice 91 days before filing this lawsuit. At the evidentiary hearing, Frazier did not dispute that he filed suit 96 days after the notice was mailed. He testified that, although he could not remember exactly when he received the notice, he was sure that it was after March 18. He could not articulate a basis for recalling that date other than that it was 90 days prior to filing suit. He also testified that he often does not open his mail on the day he receives it. This evidence is insufficient to establish that Frazier filed suit within 90 days of receipt of the notice. Further, the undisputed evidence in the record supports the district court's legal determination that Frazier's excuses for failing to meet the time limit are nothing more than a "garden variety claim of excusable neglect," Irwin, 498 U.S. at 96, and they fail to meet the standard for equitable tolling, id. ("We have allowed equitable tolling . . . where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing

-5-

deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."). Therefore, Frazier's lawsuit was untimely under § 2000e-16(c)'s statute of limitations.

Finally, Frazier argues that his lawsuit was timely because it was filed within 90 days of the EEOC order dated June 4, 2009. That order addressed Frazier's separate administrative claim concerning the USDA's refusal to hire him for a different position in May 2002, allegedly in retaliation for the first complaints he filed. An employee who fails to bring a complaint in federal court following receipt of a right to sue letter within the time period allowed under Title VII is barred from ever bringing a federal claim related to that EEOC charge even if a subsequent EEOC charge and right to sue letter reference the earlier acts. See Spears v. Mo. Dep't of Corr. & Human Res., 210 F.3d 850, 853 & n. 2 (8th Cir. 2000) (refusing to consider an adverse employment action stemming from an earlier EEOC complaint where complainant did not file suit within 90 days of the prior EEOC decision); Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222-23 (8th Cir. 1994) (noting that generally claims that are "reasonably related" to those brought in an EEOC complaint can be brought as part of a Title VII complaint, but refusing to apply "reasonably related" status to claims brought in a prior EEOC charge); Soso Liang Lo v. Pan Am. World Airways, Inc., 787 F.2d 827, 828 (2d Cir. 1986) ("[W]hether the present action is time barred must be determined with reference to only the first Notice of Right to Sue. Otherwise, the time limitations . . . would be meaningless, because potential Title VII plaintiffs could evade those requirements simply by seeking additional Notices of Right to Sue whenever they pleased."). Frazier failed to file suit within 90 days of the first right to sue letter, and a subsequent right to sue letter cannot revive those claims.

III.

The district court's judgment is affirmed.

_____